IRVIN MAXEY v. THE STATE.

No. 20623. Delivered November 29, 1939.

The opinion states the case.

*Willis* & *Via,* of Pampa, for appellant.

*Clifford Braly,* District Attorney, and *Sturgeon* & *Sturgeon,* Special Prosecutors, all of Pampa, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is murder; the punishment is confinement in the State penitentiary for a term of 20 years.

It is shown by the State's testimony that the offense charged was committed on December 11, 1938 at a negro dance hall, one mile south of the town of Pampa. Appellant and the deceased, who was a small woman, weighing about 100 to 115 pounds, met on the floor of the dance hall. She petted him on the cheek and then turned and walked away. Appellant followed her. She told him not to follow her and he stopped. She walked off again and he again followed her. She stopped, turned around, and remarked:

"Junior, I told you not to follow me, I don't want you to follow me."

One of the State's witnesses testified that appellant seemed mad at this time. The deceased shoved him and when she did so, appellant stabbed her with a pocket knife in the chest, inflicting a wound from which she died in a short while. We are unable to find any description of the knife in the record and the testimony as to the nature of the wound is somewhat unsatisfactory.

Appellant's version of the affair was that he had had previous trouble with the deceased, and that on the previous Friday night, the deceased, himself and a woman with whom he had been keeping company had had some trouble. That the deceased had made some serious threats against him. On the night in question the deceased hit him with her fist and then took an open knife from her purse and raised it in a position to stab him. That he then stabbed her in self defense.

By bill of exception number two, appellant complains of misconduct of the jury. In support of his motion he offered evidence

that various jurors talked over the telephone to outside parties. Mrs. Rainouard testified for the defendant that she attended a bridge party a short time before the verdict was returned and during the course of the game there was some discussion among the participants as to the probable outcome of the case and the probable sentence appellant would receive. She testified that Mrs. Alford made the statement that she believed appellant would get 20 years; that she had heard so indirectly from one of the men who worked for the Humble Company and who was on the jury. Mrs. Alford denied making any such statement. Mr. Ward, the only juror who worked for the Humble, admitted that Mr. Alford also worked for the Humble Company, but denied any conversation with anyone outside the jury about the case. He admitted that he called a PBX operator at his office to tell her he was on the jury. This occurred before any evidence was heard. He also admitted that he called the laundry at one time for shirts. Mr. Shadid, one of the other jurors, testified that he had called his wife on the first day of his empanelment to tell her to send him his grip. That he had no conversation with her about the case. There is also testimony to indicate that the sheriff allowed Mr. Shipley, one of the jurors, to talk to his wife and another woman at the door of the jury room for some two minutes about various things, but it is shown that the sheriff and bailiff were present at this conversation and that the parties did not discuss the case. The other jurors were some 15 or 16 feet away at the time of this conversation. It is not shown by the record that appellant consented to these conversations; nor is it shown that the parties to whom these jurors talked *over the telephone* were not available as witnesses.

Art. 673 C. C. P. imposes upon the officer in charge of the jury the duty of keeping them together and preventing intercourse with other persons. The rule in such cases is well stated by Judge Lattimore in Mauney v. State, 210 S. W., 959, 963, as follows:

"We think the rule in cases of a violation of the provisions of Article 748 ought to be that injury in such case is presumed unless the contrary is made to appear to the satisfaction of the court; the trial court primarily, and ultimately this court. Any presumption can be overcome by evidence, and in such case of presumtive injury the burden ought to be on the State to satisfy the court that no injury has resulted from such violation of the statute."

Other decisions applying the same rule are Goode v. State,

58 S. W. (2d), 1015; McNeill v. State, 80 S. W. (2d) 995; Lewis v. State, 58 S. W. (2d), 827; Chappel v. State, 50 S. W. (2d), 327, where a collation of the authorities is made; Toussaint v. State, 92 Tex. Crim. Rep., 375, 379; Early v. State, 51 Tex. Crim. Rep., 391; Logan v. State, 66 Tex. Crim. Rep., 512; Wood v. State, 84 Tex. Crim. Rep., 191.

The case of Avirett v. State, 84 S. W. (2d) 482, is almost like the present case. In that case, Art. 671, C. C. P., was held to require both parties to the conversation to be in the presence of the court, and it was held not to have been complied with when jurors carried on telephone conversations in the presence of the court, but the State did not call the party with whom said jurors conversed to rebut the presumption of injury to the defendant. In that case, Judge Christian, speaking for the Court, used the following language:

" 'We would not be disposed to give the term "in the presence of the court" such interpretation or effect as might, in all cases, sanction a conversation which was not in the hearing of the court.' It is obvious that by the use of the telephone a juror while in the presence of the court might be tampered with; the court being unable to hear the entire conversation. We think Article 671, supra, manifestly requires that the party who converses with the juror be in the presence of the court, as well as the juror himself. * * * Davis v. State, 60 S. W. (2d) 783, 123 Tex. Crim. Rep., 616, and authorities cited."

See also Punchard v. State, 61 S. W. (2d) 495.

Under the decisions the burden clearly rested upon the State to rebut the presumption of injury, and in order to do so, it was incumbent upon them to produce sufficient witnesses to rebut every indication of injury that arose from the evidence adduced upon the hearing of the defendant's motion.

This the State did not do in the instant case.

While it is true that Mr. Ward talked to the PBX operator but denied mentioning the case to her, yet it is not shown by the introduction of said operator as a witness that she did not discuss the case with Mr. Ward. Nor were the employes of the laundry to whom Mr. Ward talked introduced to show that no conversation was had on their part with him relative to the case. The wife of Mr. Shadid was not called to the stand or accounted for. Nor were the two people with whom the juror, Shipley, conversed for some two minutes at the door of the jury room called. It might be however that the presumption of injury in the case of these two witnesses was sufficiently

rebutted by an officer who took the stand and testified that they did not converse about the case. On the whole, however, it is our opinion that the State has failed to rebut the presumption of injury, and for this reason the judgment must be reversed. While we recognize the hardship and inconvenience which matters of this nature often put trial courts to, yet as stated by Judge Morrow in his concurring opinion in Goode v. State, supra.

"The burden that rests upon the State demands diligence which is not met when, as in the present case, the offending persons, that is, the persons communicating with the jurors, are not called to give testimony and no sufficient reason is given for the failure to call them. The maintenance of this principle, bottomed on the duty of the courts to be diligent in the maintenance of the purity of the verdict of the jury, far outweighs the inconvenience incident to a retrial of the appellant in this appeal."

There is also some testimony complaining that the jury were allowed to attend a movie. While no injury may have resulted to appellant from the proceedings as they appear in this record, it might be noted that we do not regard the practice as commendable.

Appellant also complains of the court's charge in failing to give the jury an instruction with reference to Art. 1223 P. C. We note that the court did submit appellant's requested instruction relative thereto, but failed to make an application thereof to the facts. Upon another trial, this should be done on proper request.

In view of another trial we also suggest that if the State desires that the embalmer express an opinion as to the nature and result of the wound, it should more accurately reflect his qualifications. See McLaughlin v. State, 76 S. W. (2d) 770 in this connection.

Appellant has many other complaints in the record. In view of the disposition we are making of the case, however, and the fact that they will probably not arise again on another trial, we do not deem it necessary to discuss them.

For the error pointed out, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.