

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0297-08

**JOHNNY RAY OCON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### ECTOR COUNTY

**KELLER, P.J., filed a concurring opinion in which PRICE, J., joined.**

Evaluating a jury misconduct claim based on an outside person's communication with a juror is a two-step process. First, the defendant bears the burden of showing that the statute proscribing the communication was violated.[1] Second, if a violation of the statute is shown, then harm is presumed, and the State bears the burden of rebutting that presumption.[2] For this reason, I cannot agree with the Court's conclusion that, even after establishing a violation of the statute, appellant

---

[1] *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000).

[2] *Quinn v. State*, 958 S.W.2d 395, 401 (Tex.Crim.App. 1997).

bears the burden of producing testimony from the jurors on the question of harm.[3] Appellant has no burden at the second step of the inquiry because at that point he is already the beneficiary of a rebuttable presumption in his favor. But I agree with the result reached by the Court in this case because I believe appellant failed, at the first step of the inquiry, to meet his burden to show a statutory violation.

Article 36.22 provides in relevant part: "No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court."[4] The statute's "main purpose is to prevent an *outsider* from saying anything that might influence a juror."[5] In *Chambliss*, a juror approached the sister of one of the victims and said, "When this is over would you give me your name and address?"[6] The victim's sister responded, "Okay," and the juror left.[7] It was in this factual context that the *Chambliss* court emphasized that the statute was intended to prevent an *outsider* from saying anything that might influence a juror. We observed and concluded:

---

[3] The two-step approach for evaluating these types of claims has a lineage stretching back over a century. Our older cases most clearly stated that the State bears the burden of calling witnesses to rebut the presumption of harm. *Cole v. State*, 157 Tex. Crim. 469, 477, 250 S.W.2d 201, 206 (Tex. Crim. App. 1952)("it becomes the duty of the state to call all parties to the conversation to testify . . . to rebut" the presumption of harm); *Maxey v. State*, 138 Tex. Crim. 27, 30-31, 133 S.W.2d 785, 787 (Tex. Crim. App. 1939)("The burden that rests upon the State demands diligence which is not met when . . . the persons communicating with the jurors are not called to give testimony and no sufficient reason is given for the failure to call them"); *Early v. State*, 51 Tex. Crim. 382, 391, 103 S.W. 868, 873 (Tex. Crim. App. 1907)(when State failed to call witnesses, "the burden thus shifted to the State was not discharged by it").

[4] TEX. CODE CRIM. PROC. art. 36.22.

[5] *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex. Crim. App. 1983)(emphasis in original).

[6] *Id.* at 263.

[7] *Id.*

"Here [the victim's sister] said nothing about the trial, and we do not believe that her agreement to provide her address influenced [the juror] in his verdict."[8]

In the present case, defense counsel overheard a juror talking on a cell phone to a person named "Brenda," who was the "outsider" in this case. But the record does not contain Brenda's side of the conversation or any suggestion that Brenda said anything about the case. Under those circumstances, appellant has failed to meet his burden to establish a violation of article 36.22.[9]

---

[8] *Id.* at 266 (bracketed material substituted for names found in the original).

[9] Several of our older cases, addressing an earlier version of the statute before us, indicated that the State's burden at the second step of the inquiry included "showing that the case was not discussed." *Cole*, 157 Tex. Crim. at 477, 250 S.W.2d at 206. *See also Maxey*, 138 Tex. Crim. at 30, 133 S.W.2d at 787 (State did not call outside persons to testify that they did not talk about the case with the juror); *Early*, 51 Tex. Crim. at 391, 103 S.W. at 873 (State did not meet its burden when jurors used the telephone in the trial court's presence but record did not reflect what was said by persons on the other end of the telephone line). But the statutory provision at issue in these cases proscribed *any* communication by an outside person with a juror occurring outside the court's presence, not just communication about the case. *See Early*, 51 Tex. Crim. at 390; 103 S.W. at 873; TEX. CODE CRIM. PROC. art. 671 (1925). Thus, the defendant in those cases met his burden of establishing a statutory violation when he established that *any* communication took place outside the court's presence. But in an older decision addressing a motion for new trial provision that permitted a new trial if a juror conversed with an outside person "in regard to the case," this Court held that the defendant failed to meet his burden of showing that he came within the statutory provision because it was not shown that the juror and the outsider "discussed the case." *Holder v. State*, 140 Tex. Crim. 55, 62, 143 S.W.2d 613, 617 (Tex. Crim. App. 1940). The current version of article 36.22, proscribes only those communications that are "about the case," so appellant's burden of showing a statutory violation includes showing that the relevant communication was "about the case."

Also, the motion for new trial provision discussed in *Holder* is currently found in Texas Rule of Appellate Procedure 21.3(f), permitting a new trial "when a juror has talked with anyone about the case." As with article 36.22, Rule 21.3(f) addresses communications between a juror and an outside individual, but the appellate rule frames the issue from the juror's perspective ("when a juror has talked with anyone about the case") while the Code provision frames the issue from the outside person's perspective ("No person shall be permitted to converse with a juror about the case"). This difference between the two provisions stretches back to their earlier predecessor statutes. *Compare* TEX. CODE CRIM. PROC. arts. 671, 753(7) (1925). The cases have treated the two provisions the same for the purpose of analyzing a jury misconduct claim, but the Court has never been asked to explore the possibility that there may be a distinction. *See Quinn*, 958 S.W.2d at 401 (motion for

Filed: June 3, 2009

Publish

---

new trial, opinion citing art. 36.22 and Rule 21.3(f) and predecessor Rule 30(b)(7)); *Robinson v. State*, 851 S.W.2d 216, 230 (Tex. Crim. App. 1991)(request for mistrial, opinion citing art. 36.22 and predecessor to Rule 30(b)(7)); *Thomas v. State*, 699 S.W.2d 845, 853 (Tex. Crim. App. 1985)(motion for new trial, opinion citing art. 36.22 and motion-for-new-trial statute); *Williams v. State*, 463 S.W.2d 436, 440 (Tex. Crim. App. 1971)(both a request for a mistrial and a motion for new trial, opinion citing motion-for-new-trial provision). The precise meaning of Rule 21.3(f) is not at issue in this case.