

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0297-08

**JOHNNY RAY OCON, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE ELEVENTH COURT OF APPEALS
### ECTOR COUNTY

MEYERS, J., delivered the opinion of the Court in which WOMACK, KEASLER, HERVEY, and COCHRAN, JJ., joined. KELLER, P.J., filed a concurring opinion in which PRICE, J., joined. JOHNSON, J., filed a concurring opinion. HOLCOMB, J., concurred.

### O P I N I O N

Appellant, Johnny Ray Ocon, was charged with aggravated sexual assault of a child. On the second day of trial, defense counsel overheard one of the jurors talking on a cell phone in the men's restroom. The juror spoke negatively about the trial and its effect on his schedule. In addition to the talking juror and defense counsel, another juror was also in the restroom at the time of the conversation. Defense counsel moved for a

mistrial, but the court denied the motion. The jury found Appellant guilty and assessed his punishment at life imprisonment. On appeal, Appellant cited four points of error. The first stated that the trial court erred by denying his motion for mistrial. On that point, the court of appeals reversed the trial court's judgment. We will reverse the court of appeals.

## I.    Facts

On the second day of proceedings, out of the jury's presence, defense counsel reported to the trial judge that while he was in the men's restroom, he heard someone in the stall say the following:

> Brenda.
> They've got me on this damn jury.
> I don't know why the hell they picked me.
> I would rather be on a double ax murderer then [sic] this damn case.
> It's dirty, disgusting.
> No, unless we convict the bastard today, then I'm kind of stuck here.

In addition to defense counsel and the juror who was speaking on the phone to someone named Brenda, there was also another juror in the restroom. Defense counsel moved for a mistrial. The trial judge acknowledged concern for the juror's behavior but ultimately denied defense counsel's motion, stating:

> I am reluctant . . . to grant a mistrial and assume that they're not going to follow my instructions, you know, at this point. Now, that may change. I think that if I brought them in and talked to them individually, it would just accentuate the problem.
>
> ***
>
> I think what I might do is instruct them again, you know, on some of their responsibilities and keeping an open mind and do that, which I've tried to do.

My main concern is to make sure your client receives a fair trial. I mean, that's my main job.

***

I think at this point I am going to deny your motion. But I appreciate your concern. I share it and I will, you know, see if there's something–I'll think about it and see if there is some way to remedy that the jurors, that they realize that there is more to this then [sic] maybe their sentiments about the case so far.

After this ruling, the judge reminded the jurors on four separate occasions during the guilt phase that they were not to talk about the case with anyone. The jury found Appellant guilty of aggravated sexual assault of a child and assessed his punishment at life imprisonment.

On appeal, Appellant argued four points, the first of which addressed the denial of his motion for mistrial. *Ocon v. State*, No. 11-06-00036-CR, 2008 Tex. App. LEXIS 376, at *1 (Tex. App.–Eastland Jan. 17, 2008, pet. granted) (not designated for publication). The court of appeals reversed the judgment, concluding that the trial court abused its discretion by not granting the motion for mistrial. *Id.* at *4.

In response to the State's petition, we granted the following two grounds for review: (1) if a juror is overheard talking on a telephone in vague terms about his jury duty, may an appellate court assume he is receiving an unauthorized communication from an outside source, and (2) is it proper to presume harm from a certain category of non-constitutional error and to place a burden on the State to rebut that presumption. We will consolidate these points by discussing the burdens and presumptions raised by juror

misconduct within the procedural context of a motion for mistrial.[1]

## II.      Juror Communication

A juror must make decisions at the guilt and punishment phases using information obtained in the courtroom: the law, the evidence, and the trial court's mandates. *Granados v. State*, 85 S.W.3d 217, 235 (Tex. Crim. App. 2002).  When a juror "makes statements outside of deliberations that indicate bias or partiality, such bias can constitute jury misconduct that prohibits the accused from receiving a fair and impartial trial."  *Id.*

Article 36.22 of the Code of Criminal Procedure states, "No person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court."  CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006).  The primary goal of Article 36.22 is to insulate jurors from outside influence.  *Chambliss v. State*, 647 S.W.2d 257, 266 (Tex. Crim. App. 1983).  Therefore, if a violation is shown, the effectiveness of possible remedies will be determined in part by whether the

---

[1]The State's brief references Rule 21.3 of the Rules of Appellate Procedure.  That rule states, "The defendant must be granted a new trial . . . when a juror has talked with anyone about the case . . . ."  TEX. R. APP. P. 21.3(f).  But, as the title to Rule 21–New Trials in Criminal Cases–suggests, Rule 21.3 appears in cases addressing motions for new trial, and not in cases addressing motions for mistrial.  *See Quinn v. State*, 958 S.W.2d 395, 401 (Tex. Crim. App. 1997).  While motions for new trial and motions for mistrial may be "functionally indistinguishable," they are not identical.  *Rodriguez v. State*, 852 S.W.2d 516, 518 (Tex. Crim. App. 1993) (quoting *State v. Garza*, 774 S.W.2d 724, 726 (Tex. App.–Corpus Christi 1989, pet. ref'd)).  An order of mistrial "ordinarily occurs before completion of the trial and the rendition of judgment," while an order for new trial "comes only after sentence is imposed in a completed trial."  *Id.*  Appellant did file a boilerplate motion for new trial, but that motion was not discussed by the court of appeals, nor is it the subject of the grounds for review granted by this Court.  Therefore, the State's arguments pertaining to the motion for new trial are merely tangential.

conversation influenced the juror.

A violation of Article 36.22, once proven by the defendant, triggers a rebuttable presumption of injury to the accused, and a mistrial may be warranted.[2] *Hughes v. State*, 24 S.W.3d 833, 842 (Tex. Crim. App. 2000); *Moody v. State*, 827 S.W.2d 875, 899-900 (Tex. Crim. App. 1992); *Robinson*, 851 S.W.2d at 230. When determining whether the State sufficiently rebutted the presumption of harm, we view the evidence in the light most favorable to the trial court's ruling and defer to the trial court's resolution of historical facts and its determinations concerning credibility and demeanor. *Quinn*, 958 S.W.2d at 401-02.

### III.   Mistrial

A mistrial is an appropriate remedy in "extreme circumstances" for a narrow class of highly prejudicial and incurable errors.[3] *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004); *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex.

---

[2]The court of appeals based its analysis upon the rebuttable presumption without ever referring to Article 36.22. But incidentally, the case cited by the court as the source of this analytical scheme, *Quinn*, is an Article-36.22-violation case, as is the case in turn cited by *Quinn*, *Robinson*. *Quinn*, 958 S.W.2d at 401; *Robinson v. State*, 851 S.W.2d 216, 230 (Tex. Crim. App. 1991). Thus, it seems, the court indirectly acknowledged that the cell phone conversation violated Article 36.22.

[3]Mistrials are not "expressly provided for" in the Code of Criminal Procedure. *Rodriguez*, 852 S.W.2d at 518.

Crim. App. 1999). Whether an error requires a mistrial must be determined by the particular facts of the case. *Id.*

A trial court's denial of a mistrial is reviewed for an abuse of discretion. *Id.* An appellate court views the evidence in the light most favorable to the trial court's ruling, considering only those arguments before the court at the time of the ruling. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004). The ruling must be upheld if it was within the zone of reasonable disagreement. *Id.*

Because it is an extreme remedy, a mistrial should be granted "only when residual prejudice remains" after less drastic alternatives are explored. *Barnett v. State*, 161 S.W.3d 128, 134 (Tex. Crim. App. 2005). Less drastic alternatives include instructing the jury "to consider as evidence only the testimony and exhibits admitted through witnesses on the stand," and, questioning the jury "about the extent of any prejudice," if instructions alone do not sufficiently cure the problem. *Arizona v. Washington*, 434 U.S. 497, 521-22 (1978) (White, J., dissenting). Though requesting lesser remedies is not a prerequisite to a motion for mistrial, when the movant does not first request a lesser remedy, we will not reverse the court's judgment if the problem could have been cured by the less drastic alternative. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004); s*ee also Wood*, 18 S.W.3d at 648 (concluding that the trial court did not abuse its discretion in denying the appellant's motion for mistrial when the appellant had not requested the less drastic remedy of a continuance).

## IV. Analysis

The communication at issue may have constituted juror misconduct in violation of Article 36.22, which prohibits conversing with a juror about the case on trial.[4] However, a violation of Article 36.22 does not automatically warrant a mistrial. *Moody*, 827 S.W.2d at 899. Reporting the conversation to the trial judge raised the rebuttable presumption of injury to Appellant. But we conclude that the State rebutted the presumption of harm by submitting that there was no way to verify defense counsel's account of the conversation and by reminding the judge that the jurors had been instructed not to talk about the case.[5]

Both the court of appeals and Appellant misinterpret the State's burden to rebut, specifically with regard to the issue of juror questioning. *Ocon*, 2008 Tex. App. LEXIS

---

[4]The record does not document Brenda's part in the conversation, and the language of Article 36.22 establishes two speakers, with attention directed toward the outsider's (Brenda's) speaking: "No *person* shall be permitted to converse with a *juror* . . . ." CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006) (emphasis added). Nevertheless, at the trial court, both defense counsel and the State referred to the incident as a "conversation," implicating both the juror and Brenda, and the topic of that conversation was the case on trial; these facts likely amount to an Article 36.22 violation. Moreover, several cases transpose "person" and "juror" when referencing Article 36.22, suggesting that the focus is not on the identity of the speaker necessarily, but on the path of influence (outside influence reaching the juror). *Hughes*, 24 S.W.3d at 842; *Quinn*, 958 S.W.2d at 401 (stating, "When a *juror* converses with an unauthorized *person* about the case . . ." (emphasis added)); *Green v. State*, 840 S.W.2d 394, 406 (Tex. Crim. App. 1992) (stating, "When a *juror* does converse with an unauthorized *person* . . ." (emphasis added)); *Robinson*, 851 S.W.2d at 230 (stating, "when *jurors* converse with unauthorized *persons* about a case . . ." (emphasis added)); *Thomas v. State*, 699 S.W.2d 845, 853 (Tex. Crim. App. 1985) (stating, "the rule against *jurors* conversing with unauthorized *persons*" (emphasis added)); *Chambliss*, 647 S.W.2d at 265-66.

[5]The State rebutted the presumption to the extent permitted by defense counsel. There was no opportunity to cross-examine witnesses or to question jurors on the issue.

376 at *3. Appellant's brief to the court of appeals stated:

> However, this presumption may be rebutted by the prosecutor, as it was in *Robinson*, by questioning the juror and having the trial court determine the juror's impartiality and whether an unauthorized communication was disclosed to other jurors. [*Robinson,* 851 S.W.2d at 229.] However, no examinations of jurors [X] and [Y] were conducted by either the trial court or the prosecutors.

Appellant asserts that for the State to effectively rebut the presumption of injury, it had to initiate an inquiry of the jurors: "The presumption of harm in Appellant's case was not rebutted. No juror was questioned . . . ." The court of appeals apparently agreed, as it cited the lack of questioning and the State's failure to rebut before reversing the trial court. *Ocon*, 2008 Tex. App. LEXIS 376 at *3-6.

But while questioning jurors about allegations of misconduct is a helpful tool for measuring the necessity for a mistrial, it is not required. Our case law does not establish juror questioning as a mandatory remedy, nor do the Texas Rules of Evidence.[6] Rule 606(b) permits, but does not require, juror testimony relating to improper outside influence or qualification to serve.[7] TEX. R. EVID. 606(b). And, contrary to Appellant's assignment of the burden to the court and the State, if jurors are questioned, it should be

---

[6]"Importantly, our juror misconduct precedents have permitted but not required examination at a hearing of jurors accused of misconduct, and the evidentiary rule that allows juror testimony upon allegations of outside influence or lack of qualification to serve is permissive and not mandatory." *Granados*, 85 S.W.3d at 236-37; *see also Hughes*, 24 S.W.3d at 842 (finding no abuse of discretion when the trial judge refused to conduct *in camera* examinations of individual jurors following allegations of juror misconduct).

[7]"[A] juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve." TEX. R. EVID. 606(b).

at the behest of the movant. Precedent on this issue, including the case cited in Appellant's brief, establishes that it is incumbent upon the party moving for a mistrial to request an inquiry of the jurors. *Franklin v. State*, 138 S.W.3d 351, 352 (Tex. Crim. App. 2004); *Granados*, 85 S.W.3d at 235; *Hughes*, 24 S.W.3d at 842; *Robinson*, 851 S.W.2d at 229. Reviewing the arguments presented to the trial court, not only did Appellant not request questioning, but it appears that he acted to prevent it.[8]

That the party alleging juror misconduct, not the State nor the court, should initiate juror questioning, is consistent with our rules of error preservation. Questioning jurors who allegedly participated in misconduct is a less drastic remedy than a mistrial. *Arizona*, 434 U.S. at 521-22 (White, J., dissenting). An appellant who moves for a mistrial without first requesting a less drastic alternative forfeits appellate review of that class of events that could have been cured by the lesser remedy. *Barnett*, 161 S.W.3d at 134; *Young*, 137

---

[8]Our review is limited to those arguments presented to the trial court at the time of the ruling, and Appellant's recent regret that the jurors were not questioned does not change the fact that the remedy was not requested at the trial court. But not only did Appellant not request juror questioning at the trial court, it is possible that Appellant actually deterred juror questioning. It would appear that Appellant in fact acted to prevent the remedy he now finds so desirable:

[Defense counsel]: And my concern is this because–I mean, I know that the Court needs to inquire into it, but the only way to inquire into it though, is to actually bring those jurors in and question them. But if the Court decides not to grant a mistrial, then I've got . . . at least one of them in particular that is going to be looking at me like why were you listening to my conversation.

\*\*\*

[Trial judge]: I think that if I brought them in and talked to them individually, it would just accentuate the problem.

[Defense counsel]: I realize that. And that is my concern in the whole thing.

Such comments suggest that Appellant waived any complaint that the jurors were not questioned by dissuading the judge from pursuing an inquiry. *Robinson*, 851 S.W.2d at 230 n.12.

S.W.3d at 70.  Here, Appellant's first action was to move for a mistrial.  Appellant was not required to progress sequentially from least to most serious remedy, however we will not reverse a trial court's judgment when a lesser, un-requested alternative, such as juror questioning, could have cured the problem.  *Young*, 137 S.W.3d at 70.

Considering that Appellant requested no alternative remedies, he must have been satisfied that the trial judge aggressively utilized the remedy of the curative instruction.  After the incident was brought to the court's attention, the trial judge issued four separate instructions to the jurors during the guilt phase, warning them not to discuss the case with anyone and not to form or express any opinions regarding the case.  Curative instructions frequently serve as effective alternatives to the extreme remedy of a mistrial, and there is no indication that the four instructions subsequent to the juror's misconduct failed to remedy the situation.  *Arizona*, 434 U.S. at 521-22 (White, J., dissenting); *Granados*, 85 S.W.3d at 237.

Moreover, the evidence presented at the trial court did not establish an "extreme circumstance" warranting a mistrial.  Though the juror spoke negatively about Appellant and the case, his words communicate frustration that his schedule would be at the mercy of the trial's progress.[9]  And we have acknowledged that "it defies common sense and

---

[9]Factually, this case is very similar to *Quinn*, in which a juror talked to a co-worker on the phone during the guilt phase of the trial, before the defense put on any evidence.  *Quinn*, 958 S.W.2d at 396.  The juror in *Quinn* and the juror in this case both communicated information about their schedules (*Ocon* juror: "I'm kind of stuck here"; *Quinn* juror: "I got off early [today], last night we went to 7:00 p.m."), both spoke disparagingly of the case (*Ocon* juror: "It's dirty, disgusting"; *Quinn* juror: "it is a nasty mess"), and both called the defendant a "bastard."  *Id.* at

human nature to require that a juror have no impressions or opinions until the judge sends the jury to deliberations." *Quinn*, 958 S.W.2d at 403.

Most significantly, Appellant presented no evidence that the juror received information as a result of the phone conversation. The main purpose of Article 36.22 "is to prevent *an outsider* from saying anything that might influence a juror." *Chambliss*, 647 S.W.2d at 266. As the trial court recognized, the paramount issue is whether Appellant received a fair and impartial trial, and therefore the analysis must focus on whether the juror was biased as a result of the improper conversation, and not whether the juror biased an outsider. There is no indication that the juror on the phone and the other juror present during the conversation left the men's restroom with any new information about the case from Brenda.[10]

## V.  Conclusion

Based upon the particular facts of this case and the evidence presented to the trial court, we cannot say that the court abused its discretion by denying Appellant's motion for mistrial. Since Appellant presented no evidence to suggest that the juror received any outside information as a result of the improper conversation, the situation did not rise to

---

397. In *Quinn*, we concluded that the appellant received a fair trial by an impartial jury. *Id.* at 403.

[10]Our concern would be much greater if Appellant alleged that the juror received information from an outside source, but there is no indication of such an occurrence here. *See Robinson*, 851 S.W.2d at 229 (addressing a juror who received details about a newspaper story on the case from an outside source).

the level of an "extreme circumstance."

A mistrial would have only been appropriate had Appellant proven an error incurable by less drastic remedies. Here, the trial judge properly considered alternatives to declaring a mistrial, and although Appellant did not request a curative instruction, the judge administered four warnings to the jury, reminding them not to talk about the case at all to anyone. There is no evidence that residual prejudice remained after these four instructions were given. That Appellant regretted the lack of juror questioning on appeal does not affect our review of the trial court's ruling, as we are limited in our analysis to the arguments presented to the trial court at the time of the ruling.

Considering the evidence in the light most favorable to the trial court's ruling, we hold that the denial of Appellant's motion for mistrial was within the zone of reasonable disagreement, and therefore, the trial court did not abuse its discretion. We reverse the court of appeals and remand this cause to the court of appeals so that it may consider Appellant's remaining points of error.

Meyers, J.

Delivered: June 3, 2009

Publish