

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00370-CR

**HARVEY LEELANE SEARCY,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court No. 39316CR

## MEMORANDUM OPINION

Harvey Leelane Searcy was convicted of assault on a public servant and sentenced to 20 years in prison. *See* TEX. PENAL CODE ANN. § 22.01 (West 2011). Because the trial court did not err in denying Searcy's motion for mistrial, the trial court's judgment is affirmed.

In one issue, Searcy contends the trial court should have granted Searcy's motion for mistrial. He complains that an "outburst" by a jury panel member tainted the panel and a mistrial should have been granted. We disagree with Searcy.

The traditional and preferred procedure for a party to voice its complaint regarding the occurrence of a prejudicial event has been to, in sequence, (1) object when it is possible, (2) request an instruction to disregard if the objectionable event has occurred, and (3) move for a mistrial if a party thinks an instruction to disregard was not sufficient to cure the prejudice of the event. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). In most instances, an objection will prevent a prejudicial event from occurring, and the failure to make a timely, specific objection prevents appellate review. *See* TEX. R. APP. P. 33.1; *Id*. at 70. If an objectionable event occurs before a party could reasonably have foreseen it, the omission of objection will not prevent appellate review. *Id*. Similarly, a request for an instruction that the jury disregard an objectionable event is essential only when such an instruction could have had the desired effect, which is to enable the continuation of the trial by an impartial jury. *Id*. But if an instruction could not have had such an effect, the only suitable remedy is a mistrial, and a motion for a mistrial is the only essential prerequisite to presenting the complaint on appeal. *Id*.

Accordingly, when a party's first action is to move for mistrial, the scope of appellate review is limited to the question whether the trial court erred in not taking the most serious action of ending the trial; in other words, an event that could have been prevented by timely objection or cured by instruction to the jury will not lead an appellate court to reverse a judgment on an appeal by the party who did not request these lesser remedies in the trial court. *Young v. State*, 137 S.W.3d 65, 70 (Tex. Crim. App. 2004). *See*

*also Ocon v. State*, 284 S.W.3d 880 (Tex. Crim. App. 2009). Limited as this scope of appellate review may be, such an appellate review is available to such a party. *Young*, 137 S.W.3d at 70. That being said, a motion for mistrial still must be timely and is timely *only* if it is made as soon as the grounds for it become apparent. *Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).

Here, Searcy did not object or request an instruction to disregard when the alleged objectionable statement was made.[1] Rather, Searcy waited and requested a mistrial only after voir dire had been completed and during the time when the trial court was asking for challenges for cause. By that time, the parties had gone through three rows of panel members to determine who would be challenged for cause. When the court asked for challenges to anyone on the fourth row, Searcy stated:

> I'd just like to state for the record that I'd like to make a motion for a mistrial for the following good and sufficient reason, that is to say during the outburst in which the panel accused me of wasting their time, a panel member shouted "you're guilty" in direct violation of the presumption of innocence; and the entire panel heard it -- heard that outburst, thus, prejudicing the entire panel; and I now move for a mistrial on that ground. Thank you.

The "outburst" Searcy referred to was a statement by one of the panel members during voir dire, and potentially at the beginning of Searcy's voir dire, that Searcy was guilty

---

[1] It is unclear when the statement was actually made.

because of the way he was acting in court.[2]  This was the first time anything was mentioned about a possibly prejudicial statement by a panel member; and neither the State, nor the trial court, nor the court reporter heard the alleged statement.

As it was, after the motion for mistrial was urged, the trial court did everything it could to cure any potential prejudice.  The court painstakingly allowed the parties to question each remaining panel member, approximately 18 of them, to determine if the member heard the "outburst" and if so, could the member consider Searcy to be innocent until proven guilty.  Of the six panel members who actually heard the statement, five could consider Searcy to be innocent until proven guilty; but only one stated he was prejudiced, not by the statement made, but by the way Searcy was acting in court.  The person who actually made the statement admitted he was prejudiced against Searcy.  Further, all who stated they could not presume Searcy innocent until proven guilty, for any reason, were struck for cause.

Had Searcy timely objected when the statement was made and requested an instruction to disregard, rather than waiting until voir dire was over, prejudice, if any, resulting from the statement could have been cured.  Without repeating the statement, especially since the trial court did not hear it, the trial court could have reasserted the presumption of innocence Searcy was afforded.  But no objection was made and Searcy

---

[2] The record reflects that Searcy, who was representing himself, was disrespectful to the court and to the United States flag during his voir dire.

did not assert the motion for mistrial when the statement occurred. Under these circumstances, Searcy's motion for mistrial was untimely and failed to preserve his complaint for appellate review. *See Griggs v. State*, 213 S.W.3d 923, 927 (Tex. Crim. App. 2007).

Accordingly, because any potential prejudice could have been cured by a timely objection and instruction to disregard, the trial court did not err in denying Searcy's motion for mistrial.[3] Searcy's sole issue is overruled, and we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2016
Do not publish
[CR25]



---

[3] Because we hold the complaint was waived, we do not reach the merits of the complaint or the harm analysis.