

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-16-00253-CR

_____

FRANCISCO JAVIER MORENO-GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 287th District Court
Parmer County, Texas
Trial Court No. 3443; Honorable Gordon H. Green, Presiding

May 17, 2018

## MEMORANDUM OPINION

Before CAMPBELL, PIRTLE, and PARKER, JJ.

Following a plea of guilty to the offense of murder, Appellant, Francisco Javier Moreno-Gutierrez, was found guilty as charged, with an affirmative finding on use of a

deadly weapon, to wit: a firearm.[1] Punishment was assessed by a jury at confinement for life after it rejected Appellant's claim that the death was the result of sudden passion arising from an adequate cause. Appellant raises four issues challenging his conviction. He contends the trial court erred in (1) allowing the State to reopen its case-in-chief for the purpose of eliciting testimony from Marcos Suar Pol regarding extraneous offense conduct of Appellant; (2) admitting over objection the testimony of Pol as part of the State's rebuttal evidence; (3) improperly commenting on the weight of the evidence by instructing the jury concerning the testimony of Pol; and (4) refusing to grant a mistrial when Pol testified that Appellant was "crazy." We affirm.

BACKGROUND

Appellant worked at a cattle ranch. On May 29, 2015, shortly after eating lunch with a co-worker, Appellant exited the co-worker's car and walked toward a red pickup where the victim was standing. In the presence of numerous witnesses, without saying anything, Appellant shot the victim. After the victim fell to the ground, Appellant shot him in the head several times. He then left the scene in his co-worker's car. The victim died from gunshot wounds to the head and torso. The next day, Appellant turned himself in and voluntarily gave a statement to police.

Appellant pleaded guilty to murder and elected to have a jury assess his punishment. In a unified proceeding, the trial court instructed the jury to find the defendant guilty and proceeded to submit the issue of whether Appellant caused the death under

---

[1] TEX. PENAL CODE ANN. § 19.02(b)(1) (West 2011); TEX. CODE CRIM. PROC. ANN. art. 42A.054(d) (West Supp. 2017). Except as provided by subsection (d), an offense under this section is a felony of the first degree. TEX. PENAL CODE ANN. § 19.02(c) (West 2011).

the immediate influence of sudden passion arising from an adequate cause.[2] Appellant testified the victim had followed and persecuted him for several years and also bullied him. Appellant also believed the victim had been intimate with his wife.[3] Witnesses to the offense, however, testified they were unaware of any issues between Appellant and the victim and they never spoke to each other at work.

After both sides rested and closed, the State moved to reopen its case to present testimony from Pol, one of Appellant's co-workers. After taking the witness on voir dire, the State was granted permission to reopen its case. Although Pol did not witness the murder, he testified that one week prior to the murder, Appellant shot at his feet without prior provocation and without saying anything while they were at work. Defense counsel lodged various objections, to wit: the State's reopening of the case, Pol's testimony was outside proper rebuttal, and the testimony constituted an improper introduction of extraneous conduct evidence. Pol also testified that he thought Appellant was "crazy" prompting defense counsel to move for mistrial. The trial court denied the motion for mistrial and gave the jury a curative instruction. Upon submission, the jury found Appellant guilty of murder, rejected his sudden passion theory, and sentenced him to life.

---

[2] Sudden passion is passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense and is not solely the result of former provocation. TEX. PENAL CODE ANN. § 19.02(a)(2) (West 2011). At the punishment phase of a trial, if the defendant proves the issue of sudden passion arising from an adequate cause by a preponderance of the evidence, the murder offense is a felony of the second degree. *Id.* at 19.02(d).

[3] Testimony that Appellant believed the victim was intimate with his wife was admitted as a hearsay exception.

By his first three issues, Appellant challenges the trial court's ruling allowing the State to reopen its case to permit Pol to testify about extraneous conduct. His argument is premised on what he categorizes as inadmissible testimony which led to an erroneous instruction that amounted to a comment on the weight of the evidence. Finding that allowing the State to reopen its case was not erroneous and that Pol's testimony was admissible, we disagree with Appellant's issues.

APPLICABLE LAW

A party's right to reopen a case is governed by article 36.02 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 36.02 (West 2007). It provides that a trial court "shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." "Due administration of justice" means a judge should reopen the case if the evidence would materially change the case in the proponent's favor. *Peek v. State*, 106 S.W.3d 72, 75 (Tex. Crim. App. 2003). We review a court's ruling under article 36.02 for abuse of discretion. *Id.* Likewise, a trial court's evidentiary ruling is reviewed for abuse of discretion. *Gonzalez v. State*, No. PD-0181-17, 2018 Tex. Crim. App. Unpub. LEXIS 121, at *15-16, (Tex. Crim. App. April 11, 2018) (citing *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010)). The same standard applies to the trial court's decision on whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice. *Id.*

Article 38.05 of the Texas Code of Criminal Procedure (West 1979), provides in relevant part that "in ruling upon the admissibility of evidence, the judge shall not discuss

4

or comment upon the weight of the same or its bearing in the case, but shall simply decide whether or not it is admissible . . . ." We view the trial court's comments in the context in which they were made and in light of the entire record. *Simon v. State*, 203 S.W.3d 581, 591 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

ANALYSIS

In the underlying case, at a bench conference during presentation of the State's case-in-chief, the prosecutor requested that Pol be allowed to testify regarding a prior, unprovoked shooting to rebut Appellant's theory of sudden passion. At that time, believing that no evidence of sudden passion had been introduced, the trial court denied the request; however, the trial court noted that evidence of the extraneous conduct might be admissible later in the hearing if evidence of sudden passion was offered. At that time, the prosecutor asked to reserve the witness until the issue of sudden passion was presented again.

Thereafter, Appellant testified that the victim had been persecuting him for years, and he had heard that the victim and his wife had been intimate. According to Appellant, the victim "would send people to follow [him] from job to job and they were just bullying [him] at work." Appellant carried a gun to protect himself. He explained that on the day of the shooting, he was "feeling horrible because [he] had already moved from job to job three times and four times from home to home because [he] had been followed."

During Appellant's cross-examination by the State, over objection, Appellant was asked about assaulting a co-worker—someone other than Pol. During that line of

5

questioning, the prosecutor again expressed her intent to inquire about a different shooting incident involving Pol later in the hearing.

After several other witnesses testified, the prosecutor stated, "State has no further witnesses." As the trial court began to instruct the jury on the next phase of the hearing, the prosecutor asked for permission to approach and the following colloquy occurred:

> [Prosecutor]: I got distracted because I was saving the other witness. . . . I would like permission to reopen, if you would allow the testimony regarding the other incident out at the same cattle ranch that I think occurred just a few days before this one where he fired his gun at another employee's feet.
>
> [Defense counsel]: Judge, we're objecting on the basis that the State closed and this is giving them another bite at the apple.
>
> The Court: Who do you have to testify? Is it the person that alleges that this happened to him?
>
> [Prosecutor]: Yes.
>
> [Defense counsel]: And, Judge, we would ask that we be allowed to take that person on voir dire before we put another extraneous offense matter before this jury.

Defense counsel then made two objections—first, it objected to the State being allowed to reopen its case and second, it objected that the witness was not a proper rebuttal witness.

Appellant's objections were overruled and the State was allowed to reopen its case. At that time, Pol testified that one week before the victim in this case was shot, Appellant shot at his feet while he was trying to grab a calf. Pol and Appellant did not have a disagreement and Appellant did not say anything during the incident.

Shortly after Pol's testimony, the trial court instructed the jury as follows:

6

> In reference to evidence, *if any*, that the defendant has previously participated in recent transactions or acts, other than but similar to that which is charged in the indictment in this case, you are instructed that you cannot consider such other transactions or acts, *if any*, for any purpose unless you find and believe beyond a reasonable doubt that the defendant participated in such transactions or committed such acts, *if any*. . . .

(Emphasis added).

Appellant maintains the instruction was insufficient to remove the taint of Pol's improperly admitted testimony. According to Appellant, the phrase in the instruction reciting "that the defendant has previously participated in recent transactions or events" conveys the trial judge's opinion to the jury and constitutes a comment on the weight of the evidence. Omitted from the complained-of phrase, however, is the qualifier, "if any," which is referenced three times when describing recent "transactions or acts." "If any" prevents the instruction from being a comment on the weight of the evidence. Moreover, the instruction does not contain any opinion about Pol's testimony.

The trial court's ruling in permitting the State to reopen its case did not result in error. During the hearing, the prosecutor twice expressed her intent to call Pol when and if Appellant attempted to present evidence of sudden passion. Appellant's defense was that he shot the victim as a result of sudden passion arising from an adequate cause and the jury was so charged. He testified he carried a gun to protect himself from the victim and he was "feeling horrible" on the day of the shooting from the three years of persecution he had endured from the victim. Pol's testimony can certainly be construed as rebutting, in part, Appellant's sudden passion theory.

Relying on *Segundo v. State*, 270 S.W.3d 79, 87-88 (Tex. Crim. App. 2008), Appellant challenges the trial court's ruling to admit Pol's testimony on extraneous

7

conduct as being irrelevant and more prejudicial than probative. Although Appellant correctly cites the law that admission of extraneous offenses is not admissible to prove conduct in conformity with bad character, *Segundo* is distinguishable.

In *Segundo*, the defendant was charged with capital murder, and during the guilt/innocence phase of his trial, the trial court admitted evidence of an extraneous murder. *Id.* Extraneous offense evidence offered during the guilt/innocence phase is evaluated differently than during the punishment phase of trial. In the underlying case, a unified proceeding where guilt/innocence and punishment were simultaneously presented to the jury, Appellant pleaded guilty to murder and the jury was instructed to return a finding of guilt. Under those circumstances, the extraneous offense evidence involving Pol was introduced, for all practical purposes, during the punishment phase of the trial. Extraneous offense evidence offered during the punishment phase of a trial in a non-capital case may be offered for *any* relevant purpose, including proof of the defendant's general reputation, character, or propensity. *See Delgado v. State*, 235 S.W.3d 244, 252 (Tex. Crim. App. 2007). *See also* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (West Supp. 2017).

For the trial court to properly admit evidence of an extraneous offense, the State must prove, beyond a reasonable doubt, that the defendant committed the extraneous offense or that the defendant could be held criminally responsible for the offense. The trial court is then required to instruct the jury that the State must prove any extraneous offenses beyond a reasonable doubt. *Delgado*, 235 S.W.3d at 252.

Pol's eye-witness testimony that, within a short period of time prior to the offense in question, Appellant, without provocation, shot at his feet while both were at work was not disputed. The testimony sufficiently established the threshold evidentiary requirement that Appellant committed the extraneous act and the trial court correctly instructed the jury on the law without commenting on the weight of the evidence.

Based on the record before us, we cannot conclude that the trial court's ruling to reopen the case and admit Pol's testimony was an abuse of discretion. Neither can we say that the trial court's instruction to the jury was a comment on the weight of the evidence. Issues one, two, and three are overruled.

ISSUE FOUR—DENIAL OF MOTION FOR MISTRIAL

By his fourth issue, Appellant contends the trial court erred when it refused to grant a mistrial following Pol's testimony, "I think [Appellant] is crazy. I don't know why he does things like that. I don't know." We disagree.

APPLICABLE LAW

A mistrial is required only in extreme circumstances when the objectionable event is so emotionally inflammatory that curative instructions are not likely to prevent the jury from being unfairly prejudiced against the defendant. *Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004). We review the denial of a motion for mistrial following a curative instruction for abuse of discretion. *Jenkins v. State*, 493 S.W.3d 583, 612 (Tex. Crim. App. 2016) (citing *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009)). We must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010).

9

Pol's comments were in response to questioning by the prosecutor on why he thought Appellant had shot at his feet. After defense counsel objected to the testimony, the trial court sustained the objection and instructed the jury to disregard. When Appellant then moved for a mistrial, the trial court denied that motion.

Thereafter, Pol was asked what he did after Appellant fired a gun at his feet and the trial court instructed him to "listen carefully to the question asked and answer as directly as you can the question asked." At that point, Pol answered, "I got scared." The State then passed the witness and defense counsel's cross-examination consisted of only one question unrelated to Pol's direct testimony.

A witness's reference to extraneous conduct is generally cured by a prompt instruction to disregard. *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998). An exception exists where the reference to extraneous conduct is so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992). Additionally, an appellate court presumes that curative and cautionary instructions to the jury will be obeyed. *Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011). In keeping with this presumption, appellate courts routinely conclude that an instruction to disregard is sufficient to cure an error when a witness has offered a nonresponsive answer that includes a reference to extraneous conduct. *Kemp*, 846 S.W.2d at 308.

Pol's comments had little, if any, prejudicial effect. The reference to Appellant being "crazy" was not repeated. The trial court correctly sustained defense counsel's objection and instructed the jury to disregard the comments. There is nothing in the record to overcome the presumption that the jury obeyed the trial court's instruction. Issue four is overruled.

CONCLUSION

The trial court's judgment is affirmed.


                                              Patrick A. Pirtle
                                                  Justice


Do not publish.