# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-18-00122-CR

The State of Texas, Appellant

v.

Gloria Elizabeth Romero-Perez, Appellee

FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
NO. CR2016-659, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

PER CURIAM

In the above cause, a jury convicted appellee Gloria Elizabeth Romero-Perez of the offense of continuous trafficking of persons and assessed punishment at 25 years' imprisonment. Appellee subsequently filed a motion for new trial, which the district court granted. The State filed a notice of appeal from that order.

On October 5, 2018, this Court abated the appeal and remanded the case to the district court so that it could impose appellee's sentence in open court, a statutorily mandated task that the district court failed to perform at the conclusion of trial. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a). Specifically, we ordered the district court to "cause notice of a hearing to be given and, thereafter, orally pronounce the sentence assessed by the jury in the appellee's presence." The hearing was to be conducted within 20 days of the order. We further ordered the district court to prepare and file a supplemental reporter's record of that hearing and a supplemental clerk's record

containing the district court's findings of fact and conclusions of law, if any, on the motion for new trial, along with any formal bill of exception filed by the State. *See* Tex. R. App. P. 21.8(b), 33.2. These records were due on November 9, 2018. As of this date, no such records have been filed, and it appears that the district court has failed to comply with the order.[1]

Accordingly, we instruct the district court to comply with the provisions of this Court's October 5, 2018, order. The deadline for filing the supplemental records specified in that order is February 28, 2019. The appeal will be reinstated when the supplemental records are filed.

It is ordered on January 29, 2019.

Before Justices Goodwin, Baker, and Triana

Abated and Remanded

Filed: January 29, 2019

Do Not Publish

---

[1] Based on correspondence received from the district clerk's office, this failure to comply appears to have been the result of a misunderstanding in the court below. Several months after the trial had concluded and the district court had granted appellee's motion for new trial, the district court purported to declare a "mistrial" in the case, apparently under the impression that declaring a mistrial would have the effect of voiding appellee's sentence. However, because the trial had long since concluded, the district court could no longer grant a mistrial in the case. *See Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) ("A mistrial *halts* trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile" (emphasis added)); *State v. Delacruz*, No. 03-18-00196-CR, 2018 Tex. App. LEXIS 8128, at *12–14 (Tex. App.—Austin Oct. 5, 2018, pet. filed) (mem. op., not designated for publication) (explaining that after trial had concluded, "there were no 'trial proceedings' to halt" and "no mistrial was possible at that time"). Consequently, appellee's sentence still exists, and the district court is required by law to pronounce it in open court. *See* Tex. Code Crim. Proc. Ann. art. 42.03, § 1(a).