

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00203-CR

_____

ADOLFO PEREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 181st District Court
Randall County, Texas
Trial Court No. 31901B, Honorable Titiana Frausto, Presiding

August 31, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Pursuant to an open plea of guilty, Appellant, Adolfo Perez, was convicted by a jury of manufacture or delivery of cocaine in an amount of four grams or more but less than 200.[1] Punishment was assessed at forty-five years' confinement. By a sole issue, he contends the trial court abused its discretion in denying him a mistrial based on juror misconduct. We affirm.

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.1123(a), (d).

**BACKGROUND**

During the punishment phase, the trial court admitted several exhibits, without objection, showing Appellant had prior convictions for minor in consumption. Appellant testified to some of those convictions as well as others. At the end of the day, the trial court announced it had been presented with a note from a juror stating she had been in the room with other jurors when she asked about the meaning of "enhanced minor in consumption." She did not indicate whether any other jurors responded to her inquiry but was concerned she had violated the trial court's instructions. Defense counsel recommended the trial court give further instructions not to discuss the case until both sides had rested and closed. The State asked for the juror to be removed. The trial court tabled the discussion until the following morning.

The next morning, without the jury present, the trial court questioned the juror about her note. The juror admitted another juror responded to her inquiry, but no discussion was had when another juror reminded them they were instructed not to engage in discussions until deliberations.

Defense counsel asked the juror whether other jurors engaged in the discussion, and she answered only one had responded but others were present during the exchange. The trial court also made inquiries after which the juror was removed from the courtroom. The State conceded the juror violated the trial court's instructions but did not urge disqualification noting the infraction was "minor, and it was stopped so quickly, we think we'll be fine going forward" and withdrew its request for removal of the juror.

2

Defense counsel countered with a motion for mistrial based on jury misconduct, which the trial court denied noting the juror's conduct was "a minor infraction" that did not involve the merits of the case or punishment deliberations. Thereafter, the State again offered to have the juror removed and defense counsel responded if she was removed, the juror she spoke with would also need to be removed, leaving only eleven jurors (including alternate). The trial court noted the proceedings could continue with eleven jurors. Defense counsel reaffirmed he was not seeking disqualification of the juror and the punishment phase continued.

## ISSUE—DENIAL OF MISTRIAL BASED ON JUROR MISCONDUCT

Appellant contends the trial court's denial of his motion for mistrial violated his due process rights. We disagree.

We review the trial court's denial of a motion for mistrial for abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is an extreme remedy, to be sparingly used for a "narrow class of highly prejudicial and incurable errors" committed during the trial process. *Turner v. State*, 570 S.W.3d 250, 268 (Tex. Crim. App. 2018). It is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). Accordingly, a trial court would be required to grant a mistrial only when the objectionable event is so inflammatory that curative instructions would most likely be unsuccessful in preventing the jury from being unfairly prejudiced against the defendant. *Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App.

3

2004).  We must uphold a trial court's ruling if it is within the zone of reasonable disagreement.  *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010).

An appellate court considers the following factors in determining whether a trial court abused its discretion in denying a motion for mistrial: (1) the severity of the misconduct, (2) curative measures, and (3) the certainty of punishment assessed absent the conduct.  *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).  Regarding the severity of the misconduct, Appellant posits he was harmed by improper deliberations and the trial court's inadequate curative measure in failing to interview other jurors.  When the trial court asked defense counsel for his thoughts on the juror's conduct, he responded, "I would just give them further instructions that they're not to deliberate or discuss any of the evidence until after both sides have rested and closed."  The State asked for the juror's removal which defense counsel found unnecessary.  When the trial court noted the proceedings could continue with eleven jurors, defense counsel rejected the remedy and claimed the questionable juror to be "a fine juror, and we're not asking to have her disqualified."

The State contends, and we agree, Appellant defaulted his claim of harm by not accepting the less drastic alternative to mistrial such as removal of the juror or proceeding with eleven jurors.  *Ocon v. State*, 284 S.W.3d 880, 885 (Tex. Crim. App. 2009).  The burden was on Appellant as the moving party to request further inquiry of all the jurors and not on the trial court as he intimates on appeal.  *Id.* at 886.

Regarding the certainty of punishment, Appellant has not shown the juror's misconduct contributed to his sentence.  The forty-five-year sentence was within the

4

statutory range and Appellant had an extensive criminal history. That history included his inability to comply with conditions of community supervision on several occasions.

Based on the record before us, we cannot say the trial court abused its discretion in denying the motion for mistrial. The trial court offered less drastic alternatives to mistrial and Appellant did not demonstrate the misconduct was incurable by such alternatives. Appellant's sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex Yarbrough<br>
Justice

Do not publish.