

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-23-00330-CR

**BARON RENARD PERRY, JR.,**

          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

          **Appellee**

_____

**From the County Court at Law
Navarro County, Texas
Trial Court No. C41023-CR**

_____

## MEMORANDUM OPINION

_____

Baron Renard Perry, Jr. was convicted of aggravated robbery and sentenced to 30 years in prison. *See* TEX. PENAL CODE § 29.03. Because the trial court did not abuse its discretion in denying Perry's motion for mistrial, the trial court's judgment is affirmed.

In his sole issue on appeal,[1] Perry contends "[t]he trial court reversibly erred by refusing to grant a mistrial based on improper jury argument."[2] The State argues that,

_____

[1] Because Perry does not contest the sufficiency of the evidence to support his conviction, there is no need to discuss the underlying facts of the conviction.

[2] We note that the objection was made to the State's opening statement and understand Perry's use of the word, "argument," as descriptive of the State's opening statement to the jury.

before Perry can complain on appeal that the trial court denied his request for a mistrial, he must first have sought a curative instruction. We agree with the State.

Most appellate complaints must be preserved by a timely request for relief at the trial court level. *Unkart v. State*, 400 S.W.3d 94, 98 (Tex. Crim. App. 2013). The "traditional and preferred procedure" for seeking relief at trial for a complaint that must be preserved is "(1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient." *Id*. at 98-99 (quoting *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004)). A party may skip the request for an instruction to disregard, but the party will be entitled to a mistrial only if such an instruction would not have cured the harm flowing from the error. *See id*. at 99. *See also Lee v. State*, 549 S.W.3d 138, 145 (Tex. Crim. App. 2018) (discussing a mistrial request to an erroneous opening statement regarding later inadmissible evidence).

Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). And we generally presume that a jury will follow the judge's instructions. *Id*. Thus, if a curative instruction would have sufficed, it cannot be said that the trial court abused its discretion to deny a mistrial request. *See Lee*, 549 S.W.3d at 145; *Ocon v. State*, 284 S.W.3d 880, 885 (Tex. Crim. App. 2009).

At the end of the State's opening, the prosecutor stated:

So, having heard all of this you may be sitting there wondering okay so why are we here. Fair question. Two and a half years ago he led the police on a 25 mile, high speed chase through the rain and heavy traffic because he didn't want to face the consequences of what he'd just done.

Perry immediately objected and requested a bench conference where he discussed his reasons for the objection. Soon thereafter, the trial court excused the jury from the courtroom. After 10 pages of discussion of the objection in the record, the trial court ultimately sustained Perry's objection, and Perry requested a mistrial which was denied. Just prior to Perry's request for a mistrial, the trial court informed the jury, through the bailiff, to take their lunch break. After lunch, the trial proceeded with the State's first witness. Nothing more was said about the State's last comment in its opening statement.

Based on the foregoing, we conclude that an instruction to disregard would have served to cure any harm caused by the last statement made by the State in its opening. This is especially true when it would have been supported by the instruction received in the charge on guilt/innocence reminding the jury that statements by the attorneys were not evidence.

Accordingly, because an instruction to disregard would have been sufficient to cure harm, if any, the trial court cannot be said to have abused its discretion in denying Perry's motion for mistrial.

**CONCLUSION**

Perry's sole issue is overruled, and the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Affirmed
Opinion delivered and filed May 2, 2024
Do not publish
[CRPM]

