# NO. 12-10-00014-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *PETE ARMANDO AYALA,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 173RD* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

## MEMORANDUM OPINION

Pete Armando Ayala appeals his conviction for murder. In his sole issue, he contends that the trial court abused its discretion in denying his motion for mistrial. We affirm.

### BACKGROUND

Appellant was charged by indictment with the offense of murder by shooting Johnny Brown with a firearm, thereby causing his death. Appellant pleaded not guilty. At trial during the testimony of one of the witnesses, Johnny Brown's mother, a nonwitness, exclaimed "Oh, my Johnny, my baby, my baby" when she viewed graphic photographs of her deceased son. The jury heard her outcry. Defense counsel made a "bystander's bill" whereby he explained that the victim's mother "was either throwing up, or vomiting, or gagging, or whatever it was" while crying hysterically. She was escorted from the courtroom, and was thereafter taken on a stretcher from the courthouse by ambulance, although it is unclear whether the jury was aware of that fact. The interruption by the victim's mother lasted approximately one minute.

The court immediately called a recess and removed the jury from the courtroom while Appellant's counsel and the State further discussed the outburst. Appellant's counsel moved for a mistrial, which the trial court denied. Appellant also asked for an instruction to disregard, which the court provided to the jury as follows:

I'll instruct you that you are, of course as far as your duty as jurors in this case goes, you are not to consider the grief of the victim's mother, and, of course, when the time comes for you to deliberate, you won't consider it for any purpose in your deliberations.

Appellant was subsequently convicted of murder, and the jury assessed punishment at forty years of imprisonment. He timely appealed.

## DENIAL OF MISTRIAL BASED ON BYSTANDER OUTBURST

In his sole issue, Appellant argues that the trial court abused its discretion in denying his motion for mistrial based on the outburst by the victim's mother.

### Standard of Review and Applicable Law

The denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). The denial of the motion for mistrial must be upheld if the ruling was within the zone of reasonable disagreement. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). The complaining party has the burden to show that the jury was prejudiced by the bystander's conduct. *Alfaro v. State*, 224 S.W.3d 426, 432 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

To show that external influences on the jury such as a bystander outburst created reversible error, the defendant must demonstrate actual or inherent prejudice. *See Howard v. State*, 941 S.W.2d 102, 117 (Tex. Crim. App. 1996). Actual prejudice occurs when the jurors articulate "a consciousness of some prejudicial effect." *Id.* Inherent prejudice, which is rare and "reserved for extreme situations," occurs when "an unacceptable risk is presented of impermissible factors coming into play." *Id.* In other words, bystander conduct that interferes with normal trial proceedings will not result in reversible error unless the defendant shows "a reasonable probability that the conduct or expression interfered with the jury's verdict. *Id.*

"Instructions to the jury are generally considered sufficient to cure improprieties that occur during trial," and it is "generally presume[d] that a jury will follow the [trial court's] instructions." *Gamboa*, 296 S.W.3d at 580; *see also Brown v. State*, 92 S.W.3d 655, 661 (Tex. App.—Dallas 2002) (holding outburst from victim's father telling jury to "[g]ive my son justice, please[,]" cured by trial court's instruction to jury to disregard remark), *aff'd on other grounds*, 122 S.W.3d 794 (Tex. Crim. App. 2003); *Matthews v. State*, 960 S.W.2d 750, 757 (Tex. App.—Tyler 1997, no pet.) (holding outburst by

2

victim's brother during defense counsel's cross-examination of state's witness not so prejudicial as to preclude cure by instruction when trial court admonished jury not to consider the statement).

**Discussion**

Appellant neither presented evidence of actual prejudice such as a juror's affidavit nor argues in his brief that the outburst of the victim's mother actually prejudiced him. *See Alfaro*, 224 S.W.3d at 432-33 (holding no actual prejudice shown when defendant failed to secure affidavit or testimony of jurors as to whether outside influence of bystander outburst had a prejudicial effect on jurors' consciousness). Instead, Appellant contends that the nature of the outburst as a whole resulted in sufficient inherent prejudice to warrant a mistrial.

Appellant relies on *Stahl v. State* to support his inherent prejudice argument, but the outcome there was premised on prosecutorial misconduct. See *Stahl v. State*, 749 S.W.2d 826, 826-27 (Tex. Crim. App. 1988); *see also Alfaro*, 224 S.W.3d at 433 n.4 (distinguishing the unique circumstances in *Stahl*). More specifically, in *Stahl*, the prosecutor called the victim's mother to the stand knowing that she was prone to emotional outbursts, and asked her to identify a photograph of her dead son. *Id.* at 828. She burst into tears and yelled at the defendant. *Id.* at 827. Although the trial court instructed the jury to disregard that evidence, the prosecutor nonetheless repeatedly referred to the incident in closing argument, leading to the conclusion that the prosecutor "actually orchestrated the original outburst." *Id.* at 826-27. Such circumstances are absent in the instant case, and Appellant specifically stated that he does not allege any prosecutorial misconduct.

In *Gamboa*, a family member of the victim shouted, "[Y]ou did this for 200 dollars?" This dramatic accusatory outburst is more prejudicial than the expression of grief by the victim's mother in the instant case. Yet, the court of criminal appeals held that "nothing in the record suggests that the outburst was of such a nature that the jury could not ignore it and fairly examine the evidence in arriving at a verdict." *Gamboa*, 296 S.W.3d at 580.

Based on the record before us, Appellant has not shown by reasonable probability that the "extravagant expression of grief" of the victim's mother is one of those rare and extreme situations in which a bystander outburst interfered with the jury's verdict. Finally, Appellant has not demonstrated that the trial court's instruction to disregard

failed to cure any prejudice. Therefore, the trial court did not abuse its discretion in overruling Appellant's motion for mistrial. Appellant's sole issue is overruled.

## DISPOSITION

We *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 7, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)