NO









NO. 12-10-00014-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

PETE ARMANDO AYALA,

APPELLANT                                                     '     APPEAL
FROM THE 173RD

 

V.                                                                         '     JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,                                 '     HENDERSON
COUNTY, TEXAS

APPELLEE

 





MEMORANDUM
OPINION

Pete
Armando Ayala appeals his conviction for murder.  In his sole issue, he
contends that the trial court abused its discretion in denying his motion for
mistrial.  We affirm.

Background

Appellant
was charged by indictment with the offense of murder by shooting Johnny Brown
with a firearm, thereby causing his death.  Appellant pleaded not guilty.  At
trial during the testimony of one of the witnesses, Johnny Brown’s mother, a
nonwitness, exclaimed “Oh, my Johnny, my baby, my baby” when she viewed graphic
photographs of her deceased son.  The jury heard her outcry.  Defense counsel
made a “bystander’s bill” whereby he explained that the victim’s mother “was
either throwing up, or vomiting, or gagging, or whatever it was” while crying
hysterically.  She was escorted from the courtroom, and was thereafter taken on
a stretcher from the courthouse by ambulance, although it is unclear whether
the jury was aware of that fact.  The interruption by the victim’s mother
lasted approximately one minute.

The
court immediately called a recess and removed the jury from the courtroom while
Appellant’s counsel and the State further discussed the outburst.  Appellant’s
counsel moved for a mistrial, which the trial court denied.  Appellant also
asked for an instruction to disregard, which the court provided to the jury as
follows:

 

I’ll instruct you that you are, of course as far as
your duty as jurors in this case goes, you are not to consider the grief of the
victim’s mother, and, of course, when the time comes for you to deliberate, you
won’t consider it for any purpose in your deliberations.

 

Appellant
was subsequently convicted of murder, and the jury assessed punishment at forty
years of imprisonment.  He timely appealed.

 

Denial of Mistrial Based on Bystander Outburst

            In
his sole issue, Appellant argues that the trial court abused its discretion in
denying his motion for mistrial based on the outburst by the victim’s mother. 

Standard of Review and
Applicable Law

The
denial of a motion for mistrial is reviewed under an abuse of discretion
standard.  Gamboa v. State, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).
 The denial of the motion for mistrial must be upheld if the ruling was within
the zone of reasonable disagreement.  Ocon v. State, 284 S.W.3d
880, 884 (Tex. Crim. App. 2009).  The complaining party has the burden to show
that the jury was prejudiced by the bystander’s conduct.  Alfaro v. State,
224 S.W.3d 426, 432 (Tex. App.—Houston [1st Dist.] 2006, no pet.). 

To
show that external influences on the jury such as a bystander outburst created
reversible error, the defendant must demonstrate actual or inherent prejudice.  See
Howard v. State, 941 S.W.2d 102, 117 (Tex. Crim. App. 1996).  Actual
prejudice occurs when the jurors articulate “a consciousness of some prejudicial
effect.”  Id.  Inherent prejudice, which is rare and “reserved
for extreme situations,” occurs when “an unacceptable risk is presented of
impermissible factors coming into play.”  Id.  In other words,
bystander conduct that interferes with normal trial proceedings will not result
in reversible error unless the defendant shows “a reasonable probability that
the conduct or expression interfered with the jury’s verdict.  Id.

“Instructions
to the jury are generally considered sufficient to cure improprieties that
occur during trial,” and it is “generally presume[d] that a jury will follow
the [trial court’s] instructions.”  Gamboa, 296 S.W.3d at 580; see
also Brown v. State, 92 S.W.3d 655, 661 (Tex. App.—Dallas 2002)
(holding outburst from victim’s father telling jury to “[g]ive my son justice,
please[,]” cured by trial court’s instruction to jury to disregard remark), aff'd
on other grounds, 122 S.W.3d 794 (Tex. Crim. App. 2003); Matthews v.
State, 960 S.W.2d 750, 757 (Tex. App.—Tyler 1997, no pet.) (holding
outburst by victim’s brother during defense counsel’s cross-examination of
state’s witness not so prejudicial as to preclude cure by instruction when
trial court admonished jury not to consider the statement).

Discussion

Appellant
neither presented evidence of actual prejudice such as a juror’s affidavit nor
argues in his brief that the outburst of the victim’s mother actually
prejudiced him.  See Alfaro, 224 S.W.3d at 432-33 (holding no
actual prejudice shown when defendant failed to secure affidavit or testimony
of jurors as to whether outside influence of bystander outburst had a
prejudicial effect on jurors’ consciousness).  Instead, Appellant contends that
the nature of the outburst as a whole resulted in sufficient inherent prejudice
to warrant a mistrial.  

Appellant
relies on Stahl v. State to support his inherent prejudice
argument, but the outcome there was premised on prosecutorial misconduct.  See Stahl
v. State, 749 S.W.2d 826, 826-27 (Tex. Crim. App. 1988); see also
Alfaro, 224 S.W.3d at 433 n.4 (distinguishing the unique
circumstances in Stahl).  More specifically, in Stahl,
the prosecutor called the victim’s mother to the stand knowing that she was
prone to emotional outbursts, and asked her to identify a photograph of her
dead son.  Id. at 828. She burst into tears and yelled at the
defendant.  Id. at 827. Although the trial court instructed the
jury to disregard that evidence, the prosecutor nonetheless repeatedly referred
to the incident in closing argument, leading to the conclusion that the
prosecutor “actually orchestrated the original outburst.”  Id. at
826-27.  Such circumstances are absent in the instant case, and Appellant
specifically stated that he does not allege any prosecutorial misconduct.  

In
Gamboa, a family member of the victim shouted, “[Y]ou did this
for 200 dollars?”  This dramatic accusatory outburst is more prejudicial than
the expression of grief by the victim’s mother in the instant case.  Yet, the
court of criminal appeals held that “nothing in the record suggests that the
outburst was of such a nature that the jury could not ignore it and fairly
examine the evidence in arriving at a verdict.”  Gamboa, 296
S.W.3d at 580.  

Based on the
record before us, Appellant has not shown by reasonable probability that the “extravagant
expression of grief” of the victim’s mother is one of those rare and extreme
situations in which a bystander outburst interfered with the jury’s verdict. 
Finally, Appellant has not demonstrated that the trial court’s instruction to
disregard failed to cure any prejudice.  Therefore, the trial court did not
abuse its discretion in overruling Appellant’s motion for mistrial. 
Appellant’s sole issue is overruled.

 

Disposition

            We affirm the
judgment of the trial court.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered July 7, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)