

# NUMBER 13-12-00573-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**DANIEL CAMPOS,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                          **Appellee.**

---

**On appeal from the 319th District Court
of Nueces County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Garza, and Perkes
Memorandum Opinion by Justice Perkes**

Appellant Daniel Campos appeals his conviction for aggravated robbery of a person sixty-five years of age or older, a first-degree felony.   *See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (West 2011).   Following a jury trial on guilt-innocence and punishment, the trial court sentenced appellant, a repeat-felony offender, *see id.* § 12.42, to a term of sixty-five years of confinement in the Institutional Division of the Texas Department of

Criminal Justice. By a single issue on appeal, appellant argues the trial court abused its discretion by denying him a mistrial after a witness testified during the guilt-innocence phase of trial that appellant was previously incarcerated. We affirm.

## I. BACKGROUND

The victim, a woman over sixty-five years of age, and a friend were going out for dinner. After the victim exited her car and started to approach the restaurant, appellant grabbed her purse. She tried to hold onto her purse, but appellant pulled her to the ground and dragged her, causing bodily injury. Once appellant had the purse, he removed the victim's keys and tried to flee in her car. Appellant could not get the car to start, so he fled on foot to the nearby home of Melissa Garza, a woman he knew.

Appellant hid in Garza's home, but without permission. Within minutes, police apprehended appellant inside Garza's home. The State called Garza as a witness at trial. One of the first questions the prosecutor asked Garza was how she knew appellant. In explaining that she had known appellant since she was fourteen or fifteen years old, Garza testified "but then he went to prison." Defense counsel objected and requested the trial court to instruct the jury to disregard the prison reference. After the trial court instructed the jury to disregard, defense counsel moved for a mistrial. The trial court denied defense counsel's motion for a mistrial.

## II. DENIAL OF MOTION FOR MISTRIAL

By his sole issue, appellant argues the trial court reversibly erred by denying the motion for mistrial because Garza's testimonial reference to his prior incarceration was inadmissible and extremely prejudicial. We disagree.

2

**A.      Standard of Review**

We review the trial judge's denial of appellant's motion for mistrial under an abuse of discretion standard.   *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010); *Espinosa v. State*, 328 S.W.3d 32, 38 (Tex. App.—Corpus Christ 2010, pet. ref'd).   We review the evidence in the light most favorable to the trial court's ruling.   *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009).   We will uphold the trial court's ruling as long as it is within the zone of reasonable disagreement.   *Coble*, 330 S.W.3d at 292; *Ocon*, 284 S.W.3d at 884; *Espinosa*, 328 S.W.3d at 38.

**B.      Applicable Law**

A mistrial is an extreme remedy, and "[o]nly in extreme circumstances, where the prejudice is incurable, will mistrial be required."   *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004) (en banc).   "A mistrial is the trial court's remedy for improper conduct that is 'so prejudicial that expenditure of further time and expense would be wasteful or futile.'"   *Id.* (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).   "Therefore, a mistrial should be granted only in the cases where the 'reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds.'"   *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009) (quoting *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998)).   Otherwise, sound discretion normally requires the trial judge to consider less drastic alternatives.   *Torres v. State*, 614 S.W.2d 436, 442 (Tex. Crim. App. [Panel Op.] 1981).

Regarding a witness's reference to a defendant's prior incarceration, the Texas Court of Criminal Appeals has held:

3

> [O]ur research also reveals that error will not necessarily be reflected in every unresponsive answer by a State's witness which implicates a reference to the fact that a defendant has been "sent to" or incarcerated in the penitentiary. Even where such prejudicial information is inadvertently placed before a jury, the general rule is still that an instruction by the trial judge to the jury to disregard such answer will be sufficient to cure any unresponsive answer.

*Tennard v. State*, 802 S.W.2d 678, 685 (Tex. Crim. App. 1990) (quoting *Williams v. State*, 643 S.W.2d 136, 138 (Tex. Crim. App. 1982)); *see Fuller v. State*, 827 S.W.2d 919, 926 (Tex. App.—Houston [1st Dist.] 1992, no pet.); *see also Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000) ("Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses.").

## C.    Discussion

The record shows that Garza's reference to appellant's incarceration was brief, unsolicited, and followed by a prompt instruction from the trial court to disregard:

> Q.    Okay.   And do you know the gentleman sitting over here at the table in the blue and white striped shirt?
>
> A.    Yes.
>
> Q.    Okay. What's his name?
>
> A.    Daniel Campos.
>
> Q.    Okay.   How do you know him?
>
> A.    Just from—from that—I mean, I've—since I was about 14 or 15, but then he went to prison, and I haven't seen him for a while—
>
> DEFENSE COUNSEL:    Judge, I'm going to object to that comment and ask the jury to disregard.
>
> THE COURT:    All right. That's sustained.   The jury is instructed to disregard.

DEFENSE COUNSEL:    Judge, I'm going to ask for a mistrial.   We've covered this in [the] motion in limine.   It's already been agreed to.

THE COURT:    The Court will deny that at this time.

The prosecutor's question was not designed to elicit the non-responsive answer, and appellant does not contend that it was.   The answer to the question was not calculated to inflame the minds of the jury; the reference was made in passing by a witness appellant had known for years.   *See Wilson v. State*, 90 S.W.3d 391, 395 (Tex. App.—Dallas 2002, no pet.) ("The witness's reference to [the defendant's] previous incarceration was not so calculated to inflame the minds of the jury . . . .").   Nor was the statement of "such damning character" that it "would be impossible to remove the harmful impression from the juror's minds" through an instruction to disregard.   *See Young*, 283 S.W.3d at 878; *Ladd*, 3 S.W.3d at 567; *Wilson*, 90 S.W.3d at 395.   Upon appellant's request, the trial court promptly instructed the jury to disregard which was sufficient to cure any prejudicial effect of Garza's incarceration reference.   *See Ovalle v. State*, 13 S.W.3d at 783.   In light of the foregoing, we cannot conclude the trial court abused its discretion in denying appellant's motion for mistrial.   We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
6th day of January, 2014.

5