**AFFIRM; and Opinion Filed June 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00863-CR

**STEVEN WAYNE BASSETT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 062955**

# MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

A jury convicted appellant Steven Wayne Bassett of third degree felony theft.[1] Appellant

pleaded true to enhancement paragraphs and the jury assessed punishment at 15 years in prison

and a $1,000 fine. In two related issues on appeal appellant complains about a statement made in

front of the jury by the prosecutor regarding a plea offer. We affirm.

### BACKGROUND

In this case it is undisputed that appellant entered onto property belonging to an elderly

man named Willis Ballou. It is also undisputed that appellant loaded onto his trailer and hauled

away approximately $160 worth of scrap metal owned by Ballou without Ballou's consent. The

State's theory was that appellant intended to deprive Ballou of his property. The State's

---

[1] The offense was a third degree felony because appellant stole property worth less than $1,500, the owner of the property appropriated was an elderly individual, and appellant stipulated to two previous convictions for theft. *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2013).

evidence included testimony from three main witnesses: (1) Ballou, (2) a man named Alan Monk who leases Ballou's property to run cattle and who spoke with appellant while both men were on the Ballou property on the date of the offense, and (3) the sheriff who arrested appellant. Appellant's defense theory was that he was operating under a mistake of fact. Appellant testified that he was engaged in the business of scrapping. According to appellant, he was approached by a man at a convenience store named Dudley Harris who told appellant that the property in question belonged to Harris and gave appellant permission to take scrap metal off the property and sell it in exchange for a $200 payment to Harris, $50 of which appellant paid Harris up front. The trial court instructed the jury to find appellant not guilty if the jury found that appellant reasonably believed that Dudley Harris was the owner of the property. The jury rejected appellant's defense and found appellant guilty as charged in the indictment.

## ANALYSIS

On appeal appellant complains about a comment made by the prosecutor in front of the jury during appellant's cross-examination regarding the State's plea offer to appellant. In context, the prosecutor's comment arose after appellant admitted that he lied during the investigation, and after appellant raised the issue of his plea negotiations:

Q. So you have no idea why you told the investigators a lie?

A. Well, I guess the answer to that is, no, I don't.

Q. Okay. Sir, you will basically—you're willing to say anything to get out of this case, aren't you? You don't want to go back to prison?

A. You've asked me to lie two or three times to you over in that thing over there and I hadn't done it yet, now you're asking me to lie to you here? No, I won't lie to you.

Q. I'm—I'm confused. I've asked you to lie?

A. Well, you gave me the opportunity, why was I scared that day? Why was—I told you I wasn't scared that day. You've asked me why did I run. I told you, I didn't run that day. I mean, it would be real easy to lie, but I

–2–

have changed my life, and I don't want to lie no more.  Okay?  I don't want to lie.  I believe in this guy above now, okay, and I wake up—

Q.     And I'm sorry, I—

A.     —every day and pray.

Q.     Sir, when I—when did I ask you to lie?

A.     Well, you know—

Q.     And that's when—

(Simultaneous discussions.)

A.     —maybe you didn't ask me to lie, but I had an opportunity—

COURT REPORTER: Wait, one at a time.

THE WITNESS: I'm sorry.

[The State]:  I'm sorry.

COURT REPORTER: Start again.

[The State]: I'm sorry.

COURT REPORTER: That's okay.  Go ahead.

A.     Maybe you didn't ask me to lie and maybe I misworded that, okay, and I'm very sorry if I did, but I could have lied, okay, let's put it that way, to avoid a bunch of this situation, but I did not lie.  You've asked me to say—you've offered me a minimum sentence—

[The State]:  I'm going to object, Your Honor.

A.     —if I did that.

THE COURT: All right. Mr. Bassett, don't get into those—

THE WITNESS: I'm sorry, sir.

THE COURT: —kind of negotiations.

THE WITNESS: I'm very sorry.

[The State]: I offered you eight years in prison.

[Appellant's counsel]: Your Honor, are we going to get into this?

THE WITNESS: I mean, this is—

THE COURT: No.

[Appellant's Counsel]: I'd ask the jury to disregard that.

THE COURT: Disregard that last statement. Don't get into that.

• • •

[Appellant's counsel]: Your Honor, can we approach?

THE COURT: Yes.

(On record bench conference out of the hearing of the jury.)

[Appellant's counsel]: At this time, we want to ask for a mistrial to be declared because of the injection of the prosecutor of the eight years.

THE COURT: Denied.

[Appellant's counsel]: Thank you.

(End of bench conference.)

Appellant filed a motion for new trial and the trial court held a hearing on appellant's motion. Appellant cited Texas Rule of Evidence 410(4) and argued that the prosecutor's interjection of the State's plea offer during the guilt phase of appellant's trial caused irreparable harm requiring a mistrial. In response, the State argued that after appellant "blurt[ed] out in front of the jury a plea offer that actually was never made," the State was permitted to "correct that false impression" and appellant forfeited any objection.[2] The trial court denied appellant's motion for new trial after noting that there was no implication that appellant was ever willing to plead guilty:

> Well, I think it'd be different if the prosecutor had said, well, you were willing to take two, you were willing to plead guilty if we offer—if we offered you two, but now that it's higher, you don't want to—I mean, nowhere in here is there an implication that he ever said he'd plead guilty on any of the offers.

[2] In the hearing on appellant's motion for new trial, and on appeal, the parties disagree about whether, in addition to the State's formal plea offer of eight years, the State also made an informal offer of two years in state jail and/or three years in prison. In other words, the parties disagree about whether appellant's statement to the jury that he was offered "a minimum sentence" was accurate.

In two issues combined into one argument, appellant complains that the prosecutor's statement to the jury (1) violated Texas Rule of Evidence 410(4), and (2) denied appellant due process of law. In response to appellant's first issue, the State acknowledges that the prosecutor "erred in injecting the side-bar comment into the record," but argues that the error was cured by the trial court's instruction to disregard. In response to the second issue, the State argues that appellant's due-process complaint was not preserved for appellate review. We agree with the State.

We review a trial court's denial of a mistrial for an abuse of discretion.[3] *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). We uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010).

"Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins*, 135 S.W.3d at 77; *see also Ocon v. State*, 284 S.W.3d 880, 884–85 (Tex. Crim. App. 2009) (explaining mistrial should be granted "only when residual prejudice remains after less drastic alternatives are explored") (internal quotation omitted). Prejudice is incurable when the objectionable material is clearly calculated to inflame the minds of the jurors or was of such damaging character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *See Rojas v. State*, 986 S.W.2d 241, 251 (Tex. Crim. App. 1998). In determining whether a prejudicial event was so harmful as to warrant a mistrial, we consider the three factors identified in *Mosley v. State*, 983 S.W.3d 249 (Tex. Crim. App. 1998): (1) the

---

[3] Appellant's argument focuses solely on the State's comment quoted above. He does not cite or apply any standard of review or otherwise address any of the relevant factors an appellate court considers when reviewing a trial court's denial of a motion for mistrial. Nevertheless, we will construe appellant's complaint as challenging the trial court's denial of appellant's motion for mistrial for two reasons. First, appellant does state in his summary of argument that "the trial court failed to declare a mistrial." And second, the court of criminal appeals has explained that when a trial court sustains an objection and instructs the jury to disregard, but denies a mistrial, "the only adverse ruling—and thus the only occasion for making a mistake—was the trial court's denial of the motion for mistrial." *See Archie v. State*, 340 S.W.3d 734, 740 (Tex. Crim. App. 2011) (internal quotation omitted).

severity of the claimed misconduct, (2) curative measures, and (3) the certainty of conviction absent the misconduct. *See Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004).

Applying the *Mosley* factors, we first analyze the severity of the claimed misconduct. Rule 410 generally prohibits the admission of evidence relating to statements made in the course of plea discussions. *See* TEX. R. EVID. 410. But rule 410 also states an exception:

> However, such a statement is admissible in any proceeding wherein another statement made in the course of the same plea or plea discussions has been introduced and the statement ought in fairness be considered contemporaneously with it.

*Id.* In this case it was appellant who raised the issue of his plea negotiations. Although we agree with the parties that it was improper for the prosecutor to comment in front of the jury about plea negotiations, under the exception enumerated in rule 410, the prosecutor may have been able to elicit the same information from appellant using appropriate cross-examination questions. *See id.*; *see also Bowley v. State*, 310 S.W.3d 431, 435 (Tex. Crim. App. 2010) (noting defendant "who opens the door to otherwise inadmissible evidence" of plea negotiations "risks the adverse consequences of having it admitted"). As a result, we cannot conclude that the misconduct in this case was severe.

Second, we analyze the measures adopted to cure the claimed misconduct. *Ramon*, 159 S.W.3d at 929. In this case the trial court immediately instructed the jury to disregard the prosecutor's statement. An instruction to disregard will usually cure any harm arising from a prosecutor's improper comment. *See Williams v. State*, 417 S.W.3d 162, 172–73 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd). We conclude that the trial court's prompt instruction to disregard was sufficient to defuse any harm in this case.

Finally, we analyze whether appellant's conviction was certain absent the claimed misconduct. *Ramon*, 159 S.W.3d at 929. In this case the State presented undisputed evidence that appellant took Ballou's property without his permission. Appellant testified that he thought

he had permission from the right person to enter onto, and take, Ballou's property. But Monk testified that when he saw appellant on Ballou's property, appellant acted happy and relieved when Monk identified himself as an employee of an oil company who was merely on the property to check the oil well.[4] And investigator Harvey Smitherman testified that he spent two days trying to locate Dudley Harris, but he did not find any evidence that a man by that name lived in the county. Given the evidence in this case, we conclude that the prosecutor's statement quoted above had minimal, if any, effect on the outcome of the trial.

After analyzing the record in light of the *Mosley* factors, we conclude that the trial court did not abuse its discretion in denying appellant's motion for mistrial. We resolve appellant's first issue against him.

In his second issue appellant complains that the prosecutor's comment "obliterated the line between the State as an advocate and the State as a witness and denied [appellant] due process of law guaranteed by the state and the and federal constitutions." Appellant did not object below on due-process grounds. As a result, we conclude that appellant did not preserve his second issue for appellate review. *See* TEX. R. APP. P. 33.1(a); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) ("[I]f a party fails to properly object to constitutional errors at trial, these errors can be forfeited.").

---

[4] Monk explained to the jury that he deliberately and falsely misidentified himself "to avoid a confrontation," because he was alone on the property and afraid for his safety.

## CONCLUSION

We resolve appellant's issues against him and affirm.

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

130863F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STEVEN WAYNE BASSETT, Appellant

No. 05-13-00863-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 062955.
Opinion delivered by Justice Lang-Miers.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 30th day of June, 2014.