**IN THE TEXAS COURT OF CRIMINAL APPEALS**

**PD-0238-15**

**FROM THE FIRST DISTRICT OF TEXAS COURT OF APPEALS**
**NO: 01-13-00825-CR**

**WILLIAM HERNANDEZ, Petitioner**

**v.**

**STATE OF TEXAS, Respondent.**

**Appealed from the 351st District Court, Harris County, Texas**
**Trial Court Case Number 1295162**

The Spriggs Law Firm
1011 S. Jackson Street
Amarillo, Texas 79101
Tel. 806 376 7260
Fax (806) 372-3298
Email: spriggslawronald@gmail.com

/S/Ronald T. Spriggs
Ronald T. Spriggs
TSBN 00792853
Attorney for Petitioner
William Hernandez

RECEIVED IN
COURT OF CRIMINAL APPEALS

July 7, 2015

ABEL ACOSTA, CLERK

# Table of Contents

Cover Sheet………………………………..,……………………………………………1

Table of Contents…………………………………………………………………..2

Index of Authority……………………..…………………………………………3

Statement of Oral Argument……………………………………………………….4

Statement of Case…………………………………………………………....4

Procedural History……………………..…………………………………………4

Grounds for Review…………………………………………………………………4

Argument……………………………………………………………………………..8

Conclusion……………………………………………………………………11

Certificate of Service…………………………………………………………..12

Certificate of Compliance……………………………………………………...12

# Index of Authority

*Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App.2004)..................................9

*Hernandez v. State*, 454 S.W.3d 643, 645-47 (Tex. App. 2014)...........................4

*Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App.1999).....................................9

*Ocon v. State,* 284 S.W.3d 880, 884 (Tex.Crim.App.2009)..................................9

## Oral Argument

Petitioner requests oral arguments, only if the Court desires it.

## Statement of Case

Petitioner -- convicted of aggravated robbery and sentenced to life imprisonment -- seeks review of the appellate court decision upholding the conviction against him.

## Procedural History

Trial was held on Sept. 13, 2013. A life sentence was imposed on Sept. 16, 2013.[1]

Appeal was taken: opinion delivered on December 2nd 2014.

## Grounds for Review:

Whether the appellate court correctly held that inadmissible inculpatory testimony can be cured with a jury instruction, when the identity of the defendant is the critical issue at trial.

## Facts

For the purpose of this petition, petitioner relies on facts recited in the appeal. Mrs. Arnold, was home with her husband and her granddaughter, Jennifer. Mrs. Arnold heard her husband screaming and a crashing sound. She and Jennifer

---

[1] *Hernandez v. State*, 454 S.W.3d 643, 645-47 (Tex. App. 2014).

ran toward the front door, where they saw that two men had kicked in her front door and were holding guns. One man, who wore a mask, grabbed Jennifer and the other, who was not wearing a mask, put a gun to Barbara's head. He demanded that she tell him where they kept their money and take him to the safe, and he threatened to kill her if she did not. A third man entered the house through the back door after having chased Mr. Arnold into the backyard. The third man wore a badge around his neck and black t-shirt with the word "police" on the front.

Mrs. Arnold testified, at trial, that she got a good look at the man who held a gun. She identified petitioner in court as her assailant; further, she testified to hearing the three men speaking to each other, mostly in Spanish.

Later that same day, while she was driving to the grocery store with her son, Mrs. Arnold saw petitioner driving a tan Hummer. She obtained a partial license plate number on the vehicle and reported it to the police.Based on the license plate number she had obtained, police officers were eventually able to locate the tan Hummer, and they detained the people who were riding in it.

The officer who stopped the Hummer believed petitioner had been riding in the vehicle, but he was unable to detain him. However, he observed petitioner walk into a nearby apartment.

Police testified that Mrs. Arnold incorrectly identified a man in that photo array as having been involved in the robbery.

Police were able to question petitioner at the apartment and eventually detained him as well. petitioner was put into a live line-up. Mrs. Arnold identified petitioner as the man who had held a gun to her head during the robbery and as the man she had seen driving the Hummer after the robbery.

One of the other two men who were found and detained when police stopped the Hummer was Eddie Castaneda, who owned the Hummer. Castaneda testified at trial as an accomplice witness. He admitted that he had gone to the Arnolds' house with petitioner and two other men. Castaneda testified that he got scared during the robbery and ran off and that the other men picked him up later. He observed that one of the other men with him was wearing police gear. Castaneda testified that he had owned the Hummer for about a month at the time of his arrest and that he was not the one driving it on the afternoon of the robbery.

Denise Guzman, the mother of petitioner's child, also testified at trial. She testified that petitioner admitted to having committed a robbery around the same time the Arnold robbery occurred in order to get money to post bond for her.

On appeal, in his second point of error, petitioner argued that the trial court abused its discretion in denying his motion for mistrial when Spanish-speaking

members of the jury heard the accomplice witness volunteer information regarding an extraneous offense.

Castaneda testified through an interpreter at trial. During his cross-examination, the following exchange occurred between Castaneda and petitioner's attorney:

> [attorney]: And you said you weren't wearing any police gear when this robbery occurred?
> [witness]: On this robbery, I had no police gear, sir.
> [attorney]: Okay. Okay. And how many robberies do you have pending right now?

Petitioner's attorney then interrupted Castaneda and asked to approach the bench. He stated, "I caught most of that [answer] and I don't want the answer interpreted." Outside the presence of the jury, the trial court had the answer interpreted. Castaneda's response was, "I have two aggravated robberies. I committed two with [petitioner], but I'm fighting the cases."
petitioner's counsel objected to this answer as non-responsive, and the trial court sustained his objection. Petitioner's attorney also sought an instruction to disregard the statement, even though it was never interpreted for the jury, because he was aware that at least one juror *spoke* Spanish.[2]

---

[2] Emphasis added.

The trial court asked the bailiff to determine which jurors, who were waiting outside the courtroom, spoke Spanish. There were two jurors who spoke Spanish, and the trial court questioned them, individually, about what they had heard. The first testified that he spoke Spanish fluently and that he understood Castaneda's answer "for the most part." The juror also told the trial court that he had not spoken to anyone else on the jury about Castaneda's last answer. The trial court specifically instructed him to disregard that answer, that it could not be considered evidence in the trial for the present offense, and that he was not to share the answer with anyone else on the jury. The juror indicated that he understood the instruction and agreed that he would comply. The trial court repeated the same process with the second juror, who likewise stated that she had not told any of the other jurors what Castaneda's last answer was, that she understood the trial court's instruction, and that she would comply. At that point, petitioner moved for a mistrial, which the trial court denied.[3]

## Argument & Authority

Mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile.[4]

---

[3] See *Hernandez v. State*, 454 S.W.3d 643, (Tex. App. 2014).
[4] *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App.1999).

Whether a witness's improper reference to an extraneous offense mandates a mistrial is determined by examining the particular facts of the case.[5] "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors."[6]

In determining whether a trial court abused its discretion in denying a motion for mistrial, we consider (1) the severity of the underlying misconduct, (2) any curative measures adopted, and (3) the certainty of the conviction absent the misconduct. "Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one regarding extraneous offenses."[7]

Here:

> [the court]: My instruction to you is that you disregard the last answer by the witness and not tell anyone else on the jury what the answer was. Do you understand my instruction?[8]
> [the interpreter]: His response was: I have two aggravated robberies. I committed two with William, but I'm fighting the cases.[9]

The problem is that the instruction addressed only the jurors who *spoke* spanish and not jurors who *understood* spanish. An instruction to the entire panel

---

[5] *See id.*
[6] *Ocon v. State,* 284 S.W.3d 880, 884 (Tex.Crim.App.2009) (quoting *Hawkins v. State,* 135 S.W.3d 72, 77 (Tex.Crim.App.2004)).
[7] *Hernandez v. State*, 454 S.W.3d 643, 649-50 (Tex. App. 2014).
[8] V.4;P.58, L20-23.
[9] V.4;P.55;L.22-23.

was not impracticable. Or, the trial judge should have told the bailiff to see if any of the jurors understood the answer given by Castaneda, because (it is common knowledge) many people in Texas understand Spanish but cannot speak it. The judge should have told all the jurors that Castaneda's answer cannot be considered for any reason during deliberations.

The error is extremely prejudicial because some jurors were not under the instruction. Moreover, the testimony cannot be reasonably expected to be withdrawn from the juror's minds because of the alleged relationship of the petitioner and Castaneda as participants in the offense.

The record demonstrates that the court understood the inflammatory and unduly prejudicial meaning of Castaneda's statement took exception to the statement of Castaneda.

> [the court]: -- you cannot talk about anything regarding another case with William. Do you understand that?[10]
> [the court]: So, if you're asked a question, any question you're not to refer to any other offense or any other crime with which you may have participated in with Mr. Hernandez. Do you understand that? [11]

---

[10] V.4;P.56;L.10-12.
[11] V.4;P.56;L.14-17.

Conclusion

Where inadmissible, unduly prejudicial, testimony is evoked before the entire jury panel, instructions to disregard should, likewise, be given to the entire panel. Here, inadmissible testimony was evoked in spanish and instructions to disregard were given only to Spanish speakers without regard as to whether non-Spanish speakers understood the testimony.

Prayer

Wherefore premises considered, petitioner asks that the opinion of the appellate court be reversed and for such other relief has he maybe entitled to in law or equity.

The Spriggs Law Firm
1011 S. Jackson Street
Amarillo, Texas 79101
Tel. 806 376 7260
Fax (806) 372-3298
Email: spriggslawronald@gmail.com

/S/Ronald T. Spriggs
Ronald T. Spriggs
TSBN 00792853
Attorney for Petitioner
William Hernandez

Certificate of Compliance

      I hereby certify that I used the aid of a computer and software to generate this document. I used 14-point typeface for all text, except for footnotes which are in 12-point typeface. Further, I certify that this Petition and the brief contain 467 (four-hundred and sixty seven). In making this certificate of compliance, I am relying on the word counter used by the same the same software used to prepare the document. The word count excludes words used in following: the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, statement of facts, signature, proof of service, certification, certificate of compliance, and appendix.

/S/ Ronald T. Spriggs

Certificate of Service

      I certify that on July 6, 2015 a true and correct copy of this document was served on the parties listed below in the manner indicated.

/S/ Ronald T. Spriggs

Angela Weltin
District Attorney
713.755.0242 (fax)

Print this page

# Case # PD-0238-15

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 07/06/2015 06:10:33 PM |
| Case Number | PD-0238-15 |
| Case Description | |
| Assigned to Judge | |
| Attorney | LEVI SPRIGGS |
| Firm Name | THE SPRIGGS LAW OFFICE |
| Filed By | LEVI SPRIGGS |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.09 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $3.00 |
| Total Provider Tax Fees | $0.25 |
| Grand Total | $3.34 |

## Payment

| | |
|---|---|
| Account Name | Levi L. Spriggs |
| Transaction Amount | $3.34 |
| Transaction Response | |
| Transaction ID | 9760646 |
| Order # | 005951210-0 |

## Brief

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Brief |
| Filing Description | Brief |
| Reference Number | PD-0238-15 |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 07/07/2015 11:29:18 | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. The petition for discretionary review does not contain a |

AM copy of the court of appeals opinion [Rule 68.4(j)]. Your petition is still due July 1, 2015.

## Documents

| | | |
|---|---|---|
| *Lead Document* | HernandezBrief.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| LEVI L SPRIGGS<br>levi.spriggs@gmail.com | THE SPRIGGS LAW OFFICE | EServe | Sent | Yes | 07/07/2015<br>09:46:40 AM |

## Motion

| | |
|---|---|
| Filing Type | EFileAndServe |
| Filing Code | Motion |
| Filing Description | Motion |
| Reference Number | PD-0238-15 |
| Comments | |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|
| Other | 07/07/2015 11:29:18 AM | Please file this with your corrected petition. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | MotionforExtentionoftime.pdf | [Original] |

## eService Details

| Name/Email | Firm | Service Type | Status | Served | Date/Time Opened |
|---|---|---|---|---|---|
| LEVI L SPRIGGS<br>levi.spriggs@gmail.com | THE SPRIGGS LAW OFFICE | EServe | Sent | Yes | 07/07/2015<br>09:48:13 AM |