

# IN THE
# TENTH COURT OF APPEALS

## No. 10-15-00017-CR

**RICKY GENE JACKSON, JR.,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court No. 11-00398-CRF-85**

## MEMORANDUM OPINION

Ricky Jackson, Jr. appeals from a conviction for the offense of aggravated robbery. TEX. PEN. CODE ANN. § 29.03 (West 2011). Jackson complains that the trial court abused its discretion by denying his motion for mistrial during voir dire regarding improper comments by the State and after a witness testified that he was already in custody when he was served with the arrest warrant in this case. Because we find no reversible error, we affirm the judgment of the trial court.

*Motion for Mistrial*

In his first issue, Jackson complains that the trial court abused its discretion by denying his motion for mistrial after the State commented during voir dire that one of the reasons Jackson might choose not to testify is because he is guilty. Jackson objected to the State's comment and the trial court sustained the objection. The trial court gave an instruction to disregard the comment upon Jackson's request. Jackson then made a motion for a mistrial, which the trial court denied.

A denial of a motion for mistrial is reviewed under an abuse of discretion standard, and a judge's ruling must be upheld if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A mistrial should be granted only when less drastic alternatives fail to cure the prejudice. *Id*. at 884-85.

*Improper Comment during Voir Dire*

During the State's voir dire, the following exchange occurred:

JUROR:     So you're saying if it's just he said/she said, then I'd need
           more; but if you're saying it's he said/she said but we have a
           little bit more evidence then –

STATE:     Well—and I hate to use that turn of phrase he said/she said
           because in a criminal case—and we'll talk about the Fifth
           Amendment, but the defendant has the right not to testify
           actually. You may not know his side of the story. You may.

UNIDENTIFIED JUROR:   I have a problem with that.

STATE:       Yeah, we'll talk about it in a minute.

You may have his side of the story, but you may not. You may—I expect Mr. Barron is not going to just sit there and be quiet. He'll definitely present his theory of the case in cross-examination, but you may not hear the defendant testify in a criminal case. And there's a million reasons why someone might not testify: Maybe they're nervous. Public speaking is not the number one fun thing for people to do. Especially sitting up there being judged by 12 people. If they appear nervous, then that may make them act like they're guilty. And so their attorney may say, "Don't testify." That's why he's the attorney. There's a million reasons why the defendant may not testify. Maybe they're guilty, maybe they don't want to get up there in front of you—

JACKSON:        Judge, I'm going to object to that. That flies in the face of the Fifth Amendment.

STATE:          No, it's just a reason why someone may not testify.

THE COURT:      Sustained.

JACKSON:        Ask the jury panel to disregard it.

THE COURT:      Disregard the prosecutor's last statements regarding the question that he asked.

JACKSON:        Request a mistrial.

THE COURT:      Denied.

STATE:       All right. So there's a million reasons why someone may not testify. All we're asking you to do in this case, and in any criminal case, is not hold that as evidence against them if they don't testify. So if someone chooses not to testify—they—they assert their Fifth Amendment right, they choose

> not testify—then you can't say, "Well, the State's close but because that person didn't testify, I'm going to find them guilty." Then you're using evidence against them.

Jackson argues that the State's comment about a reason why he might not testify being because he is guilty constitutes a misstatement of the law because it invited the prospective jurors to consider his failure to testify as a sign that he was guilty, which is improper. Jackson further argues that this misstatement of the law by the State was so extreme and manifestly improper that a mistrial should have been granted upon his motion.

The trial court gave the jury an instruction to disregard the comment upon Jackson's request. The State continued after the objectionable comment to explain that Jackson had the right to not testify and that the failure to do so could not be considered against him. Additionally, the charge to the jury contained an instruction that Jackson's failure to testify could not be considered as evidence against him. We presume that the jury obeyed the instruction and that the instruction was effective. *See Archie v. State*, 340 S.W.3d 734, 741 (Tex. Crim. App. 2011) ("The law generally presumes that instructions to disregard and other cautionary instructions will be duly obeyed by the jury."). We do not find that the trial court's denial of the motion for mistrial was outside of the zone of reasonable disagreement, and therefore the trial court did not err by denying the motion. We overrule issue one.

*Improper Comment by Witness*

In his second issue, Jackson complains that the trial court abused its discretion by denying his motion for mistrial after a detective testified that he served the arrest warrant for the aggravated robbery in jail because Jackson was already in custody. During the State's questioning of an investigating detective, the detective explained how the investigation proceeded. The witness testified that he had showed the victim of the aggravated robbery a photo lineup and the victim had affirmatively identified Jackson. The State then asked the detective what the next step in his investigation was, and the detective responded, "I obtained a warrant based on the identification and then served the warrant on him in jail, because he had already been arrested." Jackson objected to the question and the trial court sustained the objection. The trial court gave an instruction to disregard the answer upon Jackson's request. Jackson then made a motion for mistrial, which the trial court denied.

It is well settled that improper remarks can be rendered harmless by a judge's instruction to disregard, unless it appears they were so clearly calculated to inflame the minds of the jury or were of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992); *Stoker v. State*, 788 S.W.2d 1, 13 (Tex. Crim. App. 1989). Here, the detective's uninvited and unembellished reference to Jackson being served with the arrest warrant in jail because he had already been arrested was not so

inflammatory as to undermine the efficacy of the judge's instruction to disregard. *See Kemp*, 846 S.W.2d at 308. We presume the jury follows the judge's instructions, and there is no evidence to the contrary in this case. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998). The trial court did not abuse its discretion in denying the motion for mistrial. We overrule issue two.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed August 6, 2015
Do not publish
[CRPM]

