**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00311-CR**
_____

**GARRETT DOUGLAS CROWSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 21-01-01276-CR**

**MEMORANDUM OPINION**

A jury found Garrett Douglas Crowson guilty of aggravated assault against a family member involving his use of a deadly weapon, and the trial court assessed punishment at ten years of confinement. *See* Tex. Penal Code Ann. § 22.02(a)(2). On appeal, Crowson complains the trial court erred by denying his motion for mistrial. We affirm the trial court's judgment.

In his sole issue, Crowson argues the trial court denied his right to due process by denying his motion for mistrial after the State elicited testimony in violation of

1

his right against self-incrimination under the United States and Texas Constitutions. We review the trial court's refusal to grant a mistrial for abuse of discretion. *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004); *Adams v. State*, 156 S.W.3d 152, 157 (Tex. App.—Beaumont 2005, no pet.). We must uphold a trial court's ruling on a motion for mistrial if it was within the zone of reasonable disagreement. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2011). A defendant complaining of error in the admission of evidence should first object, then request an instruction to disregard, and move for a mistrial if he believes the instruction to disregard was insufficient to cure the error. *See Young v. State*, 137 S.W.3d 65, 71 (Tex. Crim. App. 2004). An instruction to disregard generally cures any prejudice. *See Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (discussing instruction to disregard in the context of a motion in limine and extraneous offenses); *see also Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

Mistrial is appropriate in extreme circumstances "for a narrow class of highly prejudicial and incurable errors[,]" because it "is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009); *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). In determining whether allegedly prejudicial testimony warrants a mistrial, we consider (1) the severity of the misconduct and the magnitude of the prejudicial effect, (2) the curative measures taken, and (3) the

certainty of conviction absent the misconduct. *Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim. App. 2004).

The record shows that Deputy Kristine Hanks of the Montgomery County Sheriff's Office testified that she encountered Crowson when she responded to an assault call involving family violence. Hanks testified that she spoke with two witnesses and the victim, Crowson's father, who reported that Crowson assaulted him with a sling blade. After Hanks testified that Crowson was not willing to fill out a statement, the trial court sustained defense counsel's objection based on a violation of Crowson's Fifth Amendment rights against self-incrimination. Defense counsel asked for a motion to disregard and moved for a mistrial, and the trial court denied the motion for mistrial and instructed the jury "to disregard the last question by the prosecutor."

The trial court's instruction suggests that the trial court believed the testimony was improper but that the prejudicial effect could be cured. We presume the jury followed the court's instruction to disregard the complained-of testimony. *See Gamboa*, 296 S.W.3d at 580. Here, the prejudicial effect of the complained-of testimony did not likely cause the jury to ignore the trial court's instruction. *See Ramon*, 159 S.W.3d at 929. Moreover, the evidence showing Crowson's guilt was strong. *See id.* Crowson's father testified that after Crowson hit him across the back with a sling blade, he called 911. In the 911 call, which was admitted into evidence

3

without objection, Crowson's father reported that Crowson hit him with a piece of steel and that two witnesses had to hold Crowson down. Hanks testified that after talking with Crowson's father and the two witnesses, who gave statements, she determined that Crowson's father was injured with the metal blade and that the injury was consistent with Crowson swinging the blade at him. Having considered the entire record, we conclude the trial court's denial of the motion for mistrial did not constitute an abuse of discretion. *See Ocon*, 284 S.W.3d at 884. We overrule Crowson's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
W. SCOTT GOLEMON
Chief Justice

Submitted on June 6, 2023
Opinion Delivered June 14, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

4