**Opinion issued August 19, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00018-CR

———————————

**JESSE JAMES ARISPE, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 122nd District Court**
**Galveston County, Texas**
**Trial Court Case No. 23-CR-2089**

---

## MEMORANDUM OPINION

In this appeal from a robbery conviction, Appellant Jesse James Arispe, Jr. contends the trial court erred by denying his motion for mistrial based on a specific portion of a jailhouse phone recording. We affirm.

**Background**

This case involves a dispute over a $100 deposit at a Galveston hotel where Arispe and a companion stayed. Hotel employee Katy Herrera declined to return the deposit because someone had purportedly smoked in Arispe's hotel room in violation of a no-smoking policy. Herrera testified Arispe said he was going to grab items from the lobby because she would not return the deposit. Arispe grabbed hotel items from the lobby. Herrera filmed Arispe's actions on her phone. Arispe then handed the items to his companion, went back to where Herrera was recording him, took her phone, and exited the hotel with the phone. Herrera attempted to recover her phone by attacking Arispe's companion in the doorway to the hotel's lobby, which drew the three into a physical altercation. Eventually Arispe and his companion exited the hotel without taking the items.

Arispe was indicted for robbery for intentionally, knowingly, or recklessly causing bodily injury to Herrera while committing a theft with the intent to obtain control of property. *See* TEX. PENAL CODE § 29.02 (providing elements for robbery). Arispe admitted assaulting Herrera but disputed the theft element of robbery, claiming that that he had only grabbed the hotel items to draw the attention of a manager and had no intent to leave with them.

During trial, the State offered into evidence an approximately sixteen-minute audio recording of a jailhouse phone conversation between Arispe and another

2

woman. Regarding the offer, Arispe's counsel stated, "That's fine. No objection." It is unclear from the record how much of the recording was played for the jury, but at some point, Arispe's counsel asked to approach the bench and complained about Arispe's statement on the recording, "I don't even care about taking four years." Arispe's counsel argued this statement pertained to plea negotiations and moved for a mistrial because it was incurable. The trial court offered to give the jury a limiting instruction but denied the motion for mistrial, noting that the recording was admitted without objection. Arispe's counsel declined the trial court's offer of a limiting instruction, believing an instruction would draw more attention to the statement.

The jury convicted Arispe of robbery and assessed punishment at eight years' confinement, and the trial court entered judgment based on the verdict.

**Analysis**

In a single issue, Arispe contends the trial court committed reversible error when it denied his motion for mistrial. The traditional procedure for seeking relief at trial for a complaint that must be preserved is to (1) object when it is possible, (2) request an instruction to disregard if the prejudicial event has occurred, and (3) move for a mistrial if a party thinks an instruction to disregard was not sufficient. *Unkart v. State*, 400 S.W.3d 94, 98–99 (Tex. Crim. App. 2013). "A party may skip the first two steps and request a mistrial, but he will be entitled to one only if a timely

3

objection would not have prevented, and an instruction to disregard would not have cured, the harm flowing from the error." *Id.*

When the State offered the recording into evidence, Arispe's counsel did not object, and the trial court admitted the recording into evidence for all purposes. Had Arispe's counsel objected to the portion of the recording in which he stated, "I don't even care about taking four years," it would have prevented the jury from hearing this statement, preventing the alleged harm. Because of this, he was not entitled to a mistrial, and we overrule his sole issue. *See Webb v. State*, No. 01-11-00403-CR, 2012 WL 1564298, at *9 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. ref'd) (mem. op., not designated for publication) (concluding trial court did not abuse discretion in denying mistrial regarding recording because appellant did not object before recording was played for jury).[1]

---

[1] Even assuming Arispe had properly objected to the subject portion of the recording, he would not have been entitled to a mistrial. His statement, "I don't even care about taking four years," was not a concession of guilt for robbery but, in context, was part of his explanation that he would already be eligible for parole with a four-year sentence. Moreover, the evidence supporting the robbery conviction was strong, particularly because video showed Arispe grabbing the hotel items and Herrera's phone and his statement on the recording that, "She didn't want to give her the deposit back. So I was just like well, fuck it, I'm gonna take something." *See Hernandez v. State*, 454 S.W.3d 643, 649 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (standard of review for determining if trial court abused discretion by denying request for mistrial includes "the severity of the underlying misconduct" and "the certainty of the conviction absent the misconduct"); *see also Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009) (explaining mistrial is "an appropriate remedy in extreme circumstances for a narrow class of highly prejudicial and incurable errors" (internal quotations and citation omitted)).

## Conclusion

We affirm the judgment of the trial court.


                                        Andrew Johnson
                                        Justice

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.

Do not publish.  TEX. R. APP. P. 47.2(b).